CARROLL DUNSCOMBE, et al., *Appellants*, v. COUNTY COMMISSIONERS OF MARTIN COUNTY, *Appellees*.

Opinion filed June 28, 1929.

*T. T. Oughterson and Wideman & Wideman,* for Appellants;

*John J. Moore,* for Appellees.

PER CURIAM.—This appeal is from an order dissolving an injunction against the erection of a new court house and jail in Martin County, Florida.

The Constitution provides that "in the formation of new counties the county seat may be temporarily established by law." Section IV. Art. VIII Constitution. Martin County was established by Chapter 10180 Acts of 1925, it being provided that "The Town of Stuart shall be the temporary county seat of said county for a period of five years." Upon a bill of complaint filed December 13, 1928, the county commissioners of Martin County were enjoined from making agreements or contracts for the erection of a new court house and/ or jail. Later the injunction was dissolved and the complainants appealed.

If it be conceded that the statutory provision that the Town of Stuart shall be the temporary county seat "for a

period of five years," is valid, and though it appears that the county greatly needs a better court house and jail than those now being used as such, yet in view of the organic provisions that in the formation of a new county, "the county seat may be temporarily established by law," and that the legislature shall provide by general law for the removal of county seats, the statutes sections 2384 et seq., Comp. Gen. Laws 1927, authorizing the county commissioners to erect a court house or jail, must be interpreted to be applicable when a permanent county seat has been designated as required by law. It does not appear that a permanent county seat for Martin County has been duly chosen and the injunction should not have been dissolved.

Reversed.

TERRELL, C. J. and WHITFIELD, ELLIS, BROWN and BUFORD, J. J. concur.