MARTIN COUNTY v. HENRY H. HANSEN.

149 So. 616.

Division B.

Opinion Filed February 14, 1933.

Opinion on Rehearing Filed July 27, 1933.

Second Petition for Rehearing Denied Sept. 15, 1933.

*T. T. Oughterson, Wise & Crary* and *D. C. Smith,* for Plaintiff in Error;

*Getzen & Clonts,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment against the county in favor of the plaintiff in the Circuit Court, upon a claim evidenced by a warrant or certificate of indebtedness of the county issued January 7, 1929, by the County Commissioners of Martin County, Florida. The claim being "part payment of the cost of labor and material necessary to build a court house and jail building for said county, within the corporate limits of the City of Stuart."

Pursuant to Chapter 10180, Acts of 1925, Martin County was established, the Act providing that "the town of Stuart shall be the temporary county seat of said county for a period of five years." It does not appear that the quoted provision of the Act making the town of Stuart the temporary county seat of Martin County "for a period of five years," violates Section 4, Article VIII, of the Constitution. The county seat had only been temporarily established by statute, and no opportunity had been afforded the electors of the county to determine the county seat.

It appears that in 1928 the County Commissioners were enjoined by an order of the Circuit Court from making contracts for the erection of a new court house and jail at the time and place contemplated. This injunction was dissolved January 5, 1929; but the order of dissolution was reversed June 28, 1929.

Two days after the dissolution of the injunction, the warrant here in litigation was issued; but the order of dissolution was subject to appeal without supersedeas and was appealed and reversed. Dunscombe v. Com'rs · Martin County, 98 Fla. 112, 123 So. 523.

The reversal of the order dissolving the injunction reinstated the injunction, and in effect declared the acts enjoined to be unauthorized and illegal. There was no authority to incur the indebtedness and its payment cannot be enforced.

Though the contracts enjoined by the order of the Circuit Court may not violate any "express mandatory provisions of the statute," yet the implied prohibitions of law are as effective as express prohibitions; and when County Commissioners assume to incur indebtedness against a county that is prohibited by the implied provisions of law, such indebtedness not being authorized by law is invalid and unenforceable against the county. See State v. L'Engle, 40 Fla. 392, 24 So. 539; Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716; Munroe v. Reeves, 71 Fla. 612, 71 So. 922; Weinberger v. Bd. Pub. Inst., 93 Fla. 470, 112 So. 253; State v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298; Dunscombe v. Com'rs Martin County, 98 Fla. 112, 123 So. 523.

In this case implied provisions of law forbade the contracts that were enjoined.

Reversed.

WHITFIELD, P. J., and BROWN, and BUFORD, J. J., concur.

JOHNSON, Circuit Judge, concurs in the opinion and judgment.

TERRELL, J., not participating.

DAVIS, C. J. (Dissenting).—I have dissented for the reasons given in the opinion of the Circuit Judge filed at the time of his ruling on the motion, for a new trial. Judge Thomas' view was that the plaintiff was entitled to recover $1,200.00 as the reasonable value of his services, irrespective of the validity *vel non* on the county warrants sued on in this case. The declaration contained common counts which authorized such a recovery on a *quantum, meruit* basis. The record shows that Kirk, who rendered the services in question, was employed October 10, 1928. The injunction suit of Dunscombe v. Martin County Commissioners (reviewed by this Court in 98 Fla. 112, 125 Sou. Rep. 523), was not begun until Dec. 14, 1928. The defendant in error in the present suit is Kirk's assignee of the claim against Martin County for the value of the services rendered by Kirk, the architect. My view is that the services, whose value was recovered in this case, having been rendered before any injunction suit was even begun, that recovery is authorized, payment for such services not being forbidden by law, nor wholly unauthorized by law as a county expense at the time they were rendered to the county and accepted in good faith by its responsible officials. Furthermore the injunction was against erecting a court house, not employing an architect to design one. Neither was the architect made a party to the suit, nor as I see it, was he bound by its result, either in the lower court or in this Court, to such extent as to preclude his recovery, not

on the warrant, but for the value of his' work done and accepted by the County Commissioners.

### On Petition for Rehearing.
### Division A.

Per Curiam.—Martin County was created by Chapter 10180, Acts of 1925, and the town of Stuart was designated as its temporary county site for a period of five years. In January, 1929, the County Commissioners of Martin County, in "part payment of the cost of labor and material necessary to build a court house and jail building for said county, within the corporate limits of the City of Stuart," issued to Bert D. Keck its warrant in the sum of $1,200.00. Before maturity, for value and in due course Keck endorsed, assigned, and transferred the said warrant to defendant in error, Henry H. Hanson, who instituted this action thereon in the Circuit Court and secured judgment against the county to which the instant writ of error was prosecuted.

In an opinion filed February 14, 1933, a majority of this Court reversed the judgment below on the ground that the contract on which the warrant sued on was predicated was in conflict with the implied provisions of the law authorizing County Commissioners to construct county buildings. We are now urged to review that holding.

The contract alluded to was for the construction of a new court house and jail. · The Circuit Court enjoined the making of such a contract but later dissolved its injunction which latter order was on appeal to this Court, reversed June 28, 1929. Dunscombe v. County Commissioners of Martin County, 98 Fla. 112, 123 So. 523.

The specific purpose for which the warrant brought in question was issued was in payment of services for architect's fees. Such fees were properly considered as part of

the legitimate expense of building the new court house and jail. Dunscombe v. Martin County, *supra,* was not begun until September 14, 1928. Keck, the architect, was employed October 10, 1928. He was not a party to Dunscombe v. Martin County, he rendered the services before the suit was brought, and the purpose of the injunction was to restrain the erection of a court house and jail, not to employ an architect to design one. Under such a state of facts we do not think Keck nor his assigns would be bound by this decision, nor do we see that they are affected by it.

The record discloses that the county was without ample court house facilities. The temporary county site under the Act creating the county was fixed for five years at Stuart and while the law authorizes election to determine the permanent county site it is not mandatory that such an election be held and though we express no opinion as to this we know of no reason that would preclude the people of a county from acquiescing in and continuing the temporary county site as the permanent one under the facts here shown.

No question is raised as to the value or reasonableness of the charge for the architect's services. There is nothing in the law expressly prohibiting the County Commissioners from making such a contract while their general powers aside from the provisions of Section 1556, *et seq.,* Revised General Statutes of 1920, Section 2384, *et seq.,* Compiled General Laws of 1927, in reference to the direct powers of County Commissioners in regard to the construction and repair of county buildings, would appear to be ample authority for the contract.

The County Commissioners were attempting to follow the terms of the last named statutes in making the contract. The declaration was cast in both the general and common

counts. The services of the architect were sought and accepted by the county. We think his assignee is at least entitled to recover on a *quantum meruit* an amount shown to be the reasonable worth of his services.

It follows that the former judgment of this Court is overruled and the judgment below is affirmed on rehearing.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.