ALLEN, Chief Judge.
The appellant has appealed from an order of the lower court denying its motion to intervene in a suit pending in the Circuit Court of Charlotte County, Florida, wherein William W. Lord was plaintiff and there were various defendants, including the Trustees of the Internal Improvement Fund of the State of Florida.
The lower court, in its order, stated:
“This cause came on for hearing on the motion of the Trustees of the Internal Improvement Trust Fund for an order setting aside the summary judgment against the Trustees entered herein on December 22, 1964, and on the motion to implead served by the Charlotte County Development Commission on April 2, 1965. * * * The court further finds and concludes that the Charlotte County Development Commission has failed to show any reason why it should be recognized as a party to these proceedings. It is accordingly,
* « * ;ji *
“ORDERED AND DECREED that the motion to implead of the Charlotte County Development Commission be and the same is hereby denied without prejudice to said Charlotte County Development Commission to appear before this court as amicus curiae. Request for leave to appear as amicus curiae in the District Court of Appeal should be directed to that court.”
This case comes before this court today on motions by the appellant to extend the time for completing the record, and by a motion to dismiss filed by one of the ap-pellees directed to the failure of completing and filing the record-on-appeal, and also a motion to quash.
We have examined the motion to im-plead filed by the appellant and find therefrom no allegation showing any interest of the appellant in the subject matter of the *199 suit below justifying a right to intervene on its behalf.
It has been held many times that a public spirited citizen or taxpayer has no right to enter into a controversy with the legal issue involved in the court because of his belief that one side or the other should prevail for the benefit of his city, county or state.
In the case of Milling v. Berg, Fla.App. 1958, 104 So.2d 658, 663, this court, in its opinion by Judge Shannon, stated:
“Under the defendant’s fifth point he challenges the refusal of the chancellor to hear the proffered testimony of the defendant, S. T. Milling, and the Palm Beach County Resources and Development Board. The defendant has set out a portion of the record which embraces his proffer of the testimony. The chancellor had permitted Palm Beach County Resources and Development Board to intervene in this suit. The proffered testimony of Palm Beach County Resources and Development Board was to the effect that while the Board per se had no direct interest in this litigation, their indirect interest was such, it contended, as was directly contemplated by its charter, * * *.
“The chancellor rejected the defendant’s proffer because he did not think that the board had any more interest in this suit than the public at large. In the case of Morgareidge v. Howey, 1918, 75 Fla. 234, 78 So. 14, 15, it is stated :
“ ‘It has generally been held that the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand m suit or some part thereof, or claim to, or lien upon, the property or some part thereof, which is the subject of litigation.’
“Needless to say the board itself had no interest in the litigation and the only interest it could have would be the interest of the public generally. Anyway, the final decree of the chancellor did not restrain the defendant economically and we cannot see how the board was hurt by the chancellor’s ruling any more than we can see why the defendant was.”
We see no need to pass on the motions involved here today except the one to dismiss this appeal because it is technically frivolous since the appellant cannot maintain this appeal as it had no interest in the litigation in question and the lower court committed no error in refusing to let it implead or intervene.
Appeal dismissed.
SHANNON and LILES, JJ., concur.