KELLY, RICHARD, Associate Judge.
The appellants (plaintiffs, taxpayers of Seminole County) appeal from a final judgment entered in favor of the appellees *746 (defendants, Seminole County, the Board of County Commissioners for Seminole County and the defendant and intervenor, City of Sanford). This suit was brought to enjoin the financing of construction of a new courthouse under the provisions of F.S.1967, Chapter 135, F.S.A. The City of Sanford intervened and filed a counterclaim for declaratory relief asking that the City of Sanford be judicially determined the permanent county seat for Seminole County.
The legislature established the temporary county seat for Seminole County by Laws of Florida, 1913, Chapter 6511, Section 3, which provided that:
“The City of Sanford shall be the temporary County Seat of said County until a permanent County Seat is duly established in accordance with the laws of this Stat-e.” (Emphasis added.)
The legislature, by Laws of Florida, 1919, Special Acts 8197, authorized the use of public funds to be raised by the issuance of time warrants for the purchase and construction of a courthouse in the City of Sanford.
Later, the legislature by Laws of Florida, 1925, Chapter 11190, authorized the expenditure of public funds raised by the use of time warrants for the construction of a county jail in the City of Sanford.
The board of county commissioners in 1959, proceeding under the provisions of F.S.1967, Chapter 135, F.S.A., at public hearing, with notice, determined that there was a need and necessity of a new county jail and additions to the courthouse in the City of Sanford. In 1960, the board of county commissioners authorized the issuance of up to $500,000. in certificates of indebtedness under F.S.1967, Chapter 135, F.S.A. The issuance of these certificates was validiated by action in the circuit court. The funds were thus obtained and the construction completed.
The record shows that since the creation of Seminole County 54 years ago until the filing of this case the voters of the county never exercised their prerogative to establish a county seat, F.S.1967, Chapter 138, F.S.A., nor did any taxpayer of the county attempt to enjoin or prevent any of the various funding or construction projects which over these years have fur.nished courthouse and jail facilities for the county government in the City of Sanford.
The board of county commissioners as admitted by its answer is now in the process of financing construction of a new courthouse in the City of Sanford, under the provisions of F.S.1967, Chapter 135, F.S.A., which does not require approval of the voters, and in furtherance of this process a contract has been made with a firm of architects for professional services pertaining to the construction.
The appellants contend that it is unlawful to raise funds under F.S.1967, Chapter 135, F.S.A., for construction of a new courthouse until the voters of Seminole County have voted to establish a permanent seat of county government as provided in F.S.1967, ’Chapter 138, F.S.A. Further, they suggest that it is lawful for the board of county commissioners to construct a new courthouse in Sanford raising money under the provisions of F.S.1967, Chapter 130, F.S.A., which necessitates approval by the voters, thus arguing that the law precludes the construction of a new courthouse in the City of Sanford which would prevent the change of the county seat for twenty years, F.S.1967, Section 138.10, F.S.A., without approval of the voters one way or another.
Appellees contend that the City of Sanford has been established as the permanent seat of county government by acquiescence on the part of the voters and taxpayers of Seminole County due to the passage of time and the several construction projects of county courthouse and jail facilities and the completion of related funding programs.
Appellee, City of Sanford, further contends that it represents the people of San *747 ford and that it has an interest in the case to support its intervention which stems from a heavy municipal investment in supporting facilities to the county governmental complex in and around the county courthouse area and the adverse effect on land value in the city which would result from the county government being moved to another city.
The interest of the City of Sanford in the outcome of this case is both logical and real but not recognized by the law. Charlotte County Development Commission v. Lord, Fla.App. 1965, 180 So.2d 198. The city’s many valid arguments against moving the county seat are for the voters of Seminole County to judge when deciding the location of the county seat. The City of Sanford has no prerogative in this regard. Its citizens along with the other citizens of the county are the real parties in interest. The law gives this decision to the people and history supports its choice.
The City of Sanford is the temporary county seat of Seminole County and will continue in this status at the pleasure of the people of that county, either through their choice to remain passive or their choice to waive their right to move their seat of county government for twenty years through the funding of the construction of a new courthouse under lawful provisions or by the choice of the voters in an election called for the purpose of such a decision.
The reservation of a choice in determining the seat of county government established in the law, article VIII, section 4, constitution of the State of Florida, F.S.A., may not be circumvented by the use of F.S.1967, Chapter 135, F.S.A., over the objection of voters and taxpayers. Dunscombe v. County Commissioners of Martin County, 1929, 98 Fla. 112, 123 So. 523.
The use of the words “temporary” and “permanent” in connection with county seats is perhaps misleading as all county seats are temporary except in instances through the action of F.S.1967, Section 138.10, F.S.A., the site is fixed for a prescribed 20-year period. The term “temporary” as it is used in article VIII, section 4, constitution of the State of Florida, means until a change is made as provided by general law, so as in instances such as here involved, a temporary county seat may maintain this status for extended periods. Thus, the terms “temporary” and “permanent” are not related to time in the normal sense.
Accordingly, the final judgment appealed from is reversed and the case is remanded with directions that judgment be entered enjoining the board of county commissioners from financing the construction of a courthouse in the City of Sanford under the provisions of F.S.1967, Chapter 135, F.S.A., and dismissing as a party the in-tervenor, the City of Sanford.
CROSS, J,, concurs.
REED, J., specially concurs with opinion.