Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. Is it legally proper, and if so, under what circumstances, for a public officer to pay to a contracting party a lump-sum amount from which amount the contracting party is to pay the travel expenses incurred by employees of said public officer in the performance of their official duties, such expenses to be paid in a manner, or at a rate, or both, different from that established under s. 112.061, F. S.?
2. Assuming that any such contractual arrangement would be legally permissible under certain circumstances, is Clause 19 of the contract between Miami-Dade Community College and the British Open University the type of contractual arrangement which would be legally proper?
SUMMARY:
The board of trustees of a community college district, as the governing body of the district, may not in the absence of statutory authorization contract or delegate to any other body or entity, public or private, the authority to exercise its powers or to perform its duties in a manner or at a time in any way different from that prescribed by law. Thus, the board lacks the authority to enter into a contract with a private entity or agency or institution of a foreign government to disburse public funds in lump sum to any such agency or entity from which sum it is to reimburse public employees at a rate or in a manner different from that provided in s. 112.061, F. S., the uniform travel expense law governing all public officers and employees, and, to the extent not inconsistent with s. 112.061, the rules and regulations of the State Board of Education.
AS TO QUESTION 1:
You state in your letter that certain public agencies have proposed to enter, or have actually entered, into contractual arrangements with private entities or an institution or agency of a foreign government whereby the public agency disburses a lump-sum amount to the contracting entity. This amount is used by the contracting entity to reimburse employees of the public agency for travel expenses necessarily incurred during the performance of the employees' official duties, often at a rate or in a manner different from that established under s. 112.061, F. S. Attached to your letter, you submit for the purposes of illustration a contract between the Miami-Dade Community College and the British Open University, an educational institution of the British Government, which contains such a provision. Clause 19 of the contract provides:
 Within thirty days of the signature of this agreement, in addition to the payment of two hundred and thirty thousand United States dollars made under the provisions of Clause 6 hereof, the College will pay the University the sum of sixty five thousand United States dollars which will be maintained in United States dollars at a bank in the United Kingdom or the United States of America to be agreed between the parties, which fund will be used as a travel and expense fund. The said fund may only be used and drawn upon after receipt of authorization of either the President of the College, Peter Masiko, Jr., or the Executive Vice President of the College, Robert H. McCabe.
You inquire as to whether or not public agencies, specifically community college districts, possess the legal authority to enter into such a contractual arrangement.
A community college district, or its governing board of trustees, possesses no inherent or common-law powers of its own but rather derives its authority from those powers which have been expressly conferred by statute or are necessarily implied from an express duty or power. Cf. Harvey v. Board of Public Instruction,133 So. 868 (Fla. 1931), and Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959); See also AGO's 076-61 and 075-148 holding that the powers of district school boards are limited by law and may be modified or enlarged only by the Legislature. The power of a school authority to contract is generally limited to that which is expressly or impliedly conferred by statute and is subject to such constitutional and statutory restrictions as may be imposed. 78 C.J.S. Schools and School Districts ss. 270 and 277; cf. George Babcock, Inc. v. Board of Public Instruction for Dade County,140 So. 644 (Fla. 1932) (county board of education may only assume any obligation authorized by statute and only pursuant to method prescribed therein); see also 20 C.J.S. Counties s. 174 (county may contract only in manner and for purposes provided by statute and is not bound by a contract beyond the scope of its powers or foreign to its purposes or which is outside the authority of the officers making it). Cf. Molwin Inv. Co. v. Turner, 167 So. 33
(Fla. 1936) (express power duly conferred upon a county may include implied authority to use means necessary to make express power effective but may not warrant the exercise of a substantive power not conferred); Martin County v. Hansen, 149 So. 616 (Fla. 1933) (indebtedness assumed by county commission in violation of implied powers of law invalid and unenforceable against county); and National Bank v. Duval County, 34 So. 894 (Fla. 1903) (being a creature of statute, the extent of county's actions toward incurring liability must be limited by statute). Thus the governing boards of trustees of the community college districts may exercise only those powers specifically or by necessary implication authorized or granted by statute; moreover, if there is any doubt as to the lawful existence of a particular power that is being exercised, the further exercise of the power should be arrested. See State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636 (1 D.C.A. Fla.), cert. dismissed,300 So.2d 900 (Fla. 1974); Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944); Harvey v. Board of Public Instruction,supra; and White v. Crandon, 156 So. 303 (Fla. *4568 1934).
The community college districts within the state are governed by district boards of trustees which possess under the statutes andother rules and regulations of the State Board of Education `all powers necessary and proper for the governance and operation' of the community colleges. Section 230.753(2)(a), F. S. See also
230.754(1) and (2)(d) and (e), F. S. The district boards of trustees are vested with the responsibility to operate the colleges with such authority as is necessary for the proper operation of the colleges in accordance with the regulations of the State Board of Education. Section 230.754(1). Regulations, promulgated by the board of education to implement Chs. 228-246, F. S., the Florida School Code, have `the full force and effect of law' if within the scope and intent of the statute. Section 229.041, F. S. See also Florida Livestock Board v. Gladden,76 So.2d 291, 295 (Fla. 1954).
The boards of trustees of the community college districts are made the contracting agents of the respective colleges, and such boards when acting as a body may make contracts, sue, and be sued in the name of the board. Section 230.754(2)(d), F. S. In the instant inquiry, however, the contract was not executed by the board `acting as a body,' but rather by the president who under existing statutes and rules of the state board is not authorized to make or execute contracts. See AGO 068-6 wherein it is stated that
 [w]here the state authorized a certain officer or legal body to contract for it in regard to certain purposes and subjects, no other officer or agency can exercise the authority to contract relating to those purposes and subjects, nor exercise authority to ratify or give effect to a contract not actually made by the authorized person or body.
And see AGO 068-44 in which it is stated that no board or officer of the state can contract for it without legislative authority, and although the state may delegate the power to contract to its boards and officers, the duty of doing the essential things necessary to the creation of a contract and acts which involve discretion cannot be delegated by the authorized agency of the state to another.
Rule 6A-14.247(7), F.A.C., provides that the board of trustees of a community college district may
 [e]nter into contractual agreements with the federal government or any of its departments or designated agencies; other institutions, departments, agencies, districts or political subdivisions of the state of Florida and other states of the United States; and private individuals and corporations; provided, that such agreements are to be in the best interests of the college.
While the board has been granted the general authority to enter into contracts with the Federal Government or its designated agencies and with other institutions or agencies of the State of Florida and other states of the United States, this does not in itself include the authority to contract with an institution or agency of a foreign government or to delegate any of its powers or duties vested by law. See AGO 078-67 in which this office concluded that the board of trustees of a community college district lacks the authority to enter into a contractual arrangement with an agency or educational institution of a foreign government for the purchase of an exclusive copyright license and the right to use, distribute, and sell a videotape educational series in the United States and its territories or possessions. While purely ministerial duties not involving the exercise of discretion or authority generally may be delegated to a public functionary or employee of the agency, the delegation of duties involving the exercise of independent official judgment, discretion or authority or the delegation of duties to an agency of a foreign government or to a private institution or agency is prohibited unless otherwise provided by law. See State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955); Florida Dry Cleaning Laundry Board v. Cash Carry Cleaners, Inc.,197 So. 550 (Fla. 1940); AGO 074-57; and 67 C.J.S. Officers s. 104;see also Crandon v. Hazlett, 26 So.2d 638 (Fla. 1946); State exrel. Wolyn v. Apalachicola Northern R. Co., 88 So. 310 (Fla. 1921); AGO 073-380; and 81A C.J.S. States s. 123; cf. AGO's 068-44 and 068-6. The boards of trustees of the community college districts have not been expressly authorized by law to delegate to an entity, public or private, their duties and functions with respect to the travel expenses of their employees; nor does the general power to contract by necessary implication grant a power to delegate the board's duties or authority to a private entity or to an agency or institution of a foreign government. See generally
78 C.J.S. Schools and School Districts ss. 270 and 277 and 20 C.J.S. Counties s. 174; see also George Babcock, Inc. v. Board of Public Instruction for Dade County, supra. Cf. Martin v. Board of Public Instruction of Broward County, 42 So.2d 714 (Fla. 1949) (statute authorizing city to establish school and provide for its maintenance does not give city the authority to sell to county board of public instruction land to be used as school site); Trustees of Special Tax School District, No. 1, Leon County v. Lewis, 57 So. 614 (Fla. 1912) (general authority to supervise school does not include right to lease property); and AGO 073-374 holding that the power to purchase property does not include the power to borrow money to purchase property. In order for a power to be implied from an express grant of power, it must be necessary, indispensable, or essential to the attainment of the declared purpose or object of the public officer or body. Southern Utilities Co. v. City of Palatka, 99 So. 236 (Fla. 1923); Molwin Inv. Co. v. Turner, supra; AGO's 073-374 and 058-228 (authority that is indispensable to valid purpose of statute may be inferred or implied from authority expressly given). The delegation of its authority to disburse public funds and to reimburse public employees for *4569 travel expenses necessarily incurred on behalf of the district cannot be considered essential to the declared purposes or objects of the board of trustees of a community college district and to the board's general authority to contract and thus cannot be implied therefrom. Moreover, the powers conferred upon a public officer or body can be exercised only in the manner and under the circumstances prescribed by law; any attempted exercise thereof in any other manner or under different circumstances is a nullity. 67 C.J.S. Officers s. 103; see also
White v. Crandon, supra; George Babcock, Inc. v. Board of Public Instruction, supra; and AGO 068-44; cf. AGO 058-163. Thus the board may not under its general power to contract delegate any of its statutory powers, duties, or functions to a private entity or agency or institution of a foreign government or attempt by contract to exercise its powers or duties in a way or at a time or in anywise different from that prescribed by law. Cf. Green v. Galvin, 114 So.2d 187 (1 D.C.A. Fla.), cert. denied, 116 So.2d 775
(Fla. 1959), appeal dismissed, 117 So.2d 844 (Fla. 1960) (a public official cannot do indirectly that which he is prohibited from doing directly); AGO 075-203.
Section 112.061(1)(a), F. S., indicates that the travel expenses and per diem of all public officers, employees, or authorized persons [as defined in s. 112.061(2)(e)] are subject to, and controlled by, the rates and limitations set forth in s. 112.061, as amended, unless expressly and specifically exempted by general law specifically referring to s. 112.061. A community college district established pursuant to, and governed by, a statute clearly falls within the definition of an `agency or public agency' contained in s. 112.061(2)(a) as `[a]ny office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body . . . or any other separate unit of government created pursuant to law.' Neither s. 112.061 nor part II of Ch. 230, F. S., however, contains an exception for the officers and employees of community colleges from the rates and limitations set forth in s. 112.061. In fact, s. 230.753(5), F. S., expressly provides that the members of the board of trustees of a community college district may be reimbursed for expenses as provided in s. 112.061. Thus, in the absence of an express and specific preemption by general law, the officers and employees of the community college are subject to and limited by the provisions contained in s. 112.061.
The board of trustees as the governing body of the district is the `agency head or head of the agency' as defined in s.112.061(2)(b), F. S. All travel must be authorized and approved by the head of the agency or its designated representative, from whose funds the traveler is to be paid, s. 112.061(3), and the travel expenses of all travelers are limited to those necessarily incurred by them within the limitations prescribed by s. 112.061. The agency head determines the maximum rates as set forth in s.112.061(6) and designates the most economical method of travel for each trip, s. 112.061(7)(a). In certain cases, the agency head may authorize the use of privately owned vehicles, s. 112.061(7)(d)1., or chartered vehicles, s. 112.061(7)(e). See also s.112.061(7)(f). Moreover, the agency head may make or authorize the making of advances to cover anticipated costs of travel, s.112.061(12). These determinations must be made by the agency head under s. 112.061; in the instant inquiry, such determinations are the responsibility and duty of the board of trustees. See, Rule 6A-14.732, F.A.C., which provides:
 (1) The board shall determine policies and adopt rules and regulations providing the conditions and requirements for payment of travel and subsistence expense to members of the board for travel within and without the district and for travel within and without the district by the president, other college employees and other authorized persons.
 (2) Policies determined and rules and regulations adopted by the board relating to travel should provide for:
 (a) The greatest possible economy, the avoidance of unnecessary travel, and adequate auditing procedures.
 (b) Joint travel to be required by personnel in a single vehicle whenever feasible.
 (c) Limitations of such expenditures to the maximum amounts currently authorized by law to be paid employees of the state unless otherwise expressly provided by law.
 (3) Policies of the board relating to methods of reimbursement may provide for:
 (a) A flat monthly allowance for travel within the district by the president and for employees whose duties require a fairly uniform amount of travel each month or
 (b) Reimbursement on the basis of actual expenses not to exceed limitations authorized by Section 112.061, Florida Statutes or
 (c) Per diem and mileage at rates authorized by Section 112.061, Florida Statutes, for employees of the state.
The board itself must make such determinations which involve the exercise of its official judgment, discretion, or authority in the absence of express statutory authorization providing otherwise. The board, in the absence of such authorization, cannot by contract delegate its authority or duties to another body or entity, especially to a private party or to an institution or agency of a foreign government. Neither s. 112.061 nor any other statutory provision authorizes or empowers the board to reimburse its employees for travel expenses in any manner other than prescribed by s. 112.061 or to contract with a private entity or agency or instrumentality of a foreign government or any
contracting party to exercise such powers or perform such duties. Thus, the manner of payment and the rates of reimbursement contained in s. 112.061 will prevail over any contractual provision entered into by the board of trustees of a community college district. Cf. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (if statutes specifically direct how a thing should be done, that is, in effect, a prohibition against its being done in any other way); Dobbs b. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952) (express mention of one thing is the exclusion of another); White v. Crandon, supra; and First National Bank v. Filer, 145 So. 204
(Fla. 1933) (`the authority of public officers to proceed in a particular way . . . implies a duty not to proceed in any manner than that which is authorized by law'). See s. 112.061(6)(c)1. which provides in pertinent part that `[a]ll other travelers may be allowed up to $35 per diem.' The travel expenses of all travelers under s. 112.061 are limited to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the public agency.See s. 112.061(3)(b). Section 3 of the contract you enclosed states that the Miami-Dade College `shall stand in the relation of an independent contractor with the [British Open] University and shall not be the agency of the University for any purpose whatever.' Therefore, the employees of the community college may be legally reimbursed only for travel expenses necessarily incurred by them in the performance of their lawfully authorized official duties and functions on behalf of the college, not the university. Cf. AGO 078-67 in which I held that the Miami-Dade Community College was not authorized by law to purchase certain copyright licenses for the purpose of selling and distributing certain products throughout the United States and its territories and possessions. Such an arrangement is not an authorized and valid district or college function and purpose under part II of Ch. 230, F. S., and is thus not authorized by law. Therefore, if the purpose of the contract is not authorized by law as a district or college purpose, duty, or function, the requirement under s.112.061(3)(b) that the travel expense be necessarily incurred in the performance of a public purpose authorized by law to be performed by the agency cannot be met.
This office has previously stated that a public body or agency may not turn over public funds in lump sum to a private or nongovernmental entity absent express statutory or constitutional authority. See, e.g., AGO 077-97. See also AGO 059-92 in which this office determined that, although a county could arrange with a state or county welfare board to administer a welfare program with the county, it could not turn over its funds to agovernmental agency in lump sum. I am not aware of any statutory or constitutional provision, or rule or regulation of the State Board of Education, which expressly authorizes a community college to make lump-sum payments to a private entity or an agency or instrumentality of a foreign government. See s. 230.768, F. S., which provides that `[a]ll funds accruing to the benefit of the community college shall be received, accounted for, and expended in accordance with the rules and regulations of the state board.' Clause 19 of the subject contract provides that the travel expenses funds are to be paid over to the British Open University in lump sum; moreover, the funds are to be `maintained in a bank in the United Kingdom or the United States of America to be agreed [upon] between the parties,' to be used and drawn upon as a travel and expense fund, presumably by the university, after receipt of the college president's or executive vice president's authorization. Rule 6A-14.75, F.A.C., requires that `[a]ll funds received by a community college shall be deposited intant in a designated depository as soon as possible.' See Rule 6A-14.751, F.A.C., which provides for the establishment of such designated depositories and their regulation including the security required for deposits of the board's funds; subsection (2) of the rule provides in part that `[t]he board may utilize the services of any bank/s certified by the comptroller of the state as a county depository, as provided in Chapter 136, Florida Statutes.' Seealso Rule 6A-14.751(1)(b) which defines the depository of a community college district board's funds as
 any bank designated as provided by Chapter 136, Florida Statutes, for deposit of county funds, by Chapter 18, Florida Statutes, for deposit of state funds and by Section 659.24, Florida Statutes, for deposit of all public money.
Rule 6A-14.751(1)(c) provides that `satisfactory security' means
 bonds of the United States of America, bonds the payment of whose principal and interest is guaranteed by the United States, federal certificates of indebtedness, state, county or municipal bonds, or any other acceptable security as provided in Chapter 136, Florida Statutes.
I am not aware of any law which authorizes a community college to maintain its deposits of college funds in a foreign bank, an out-of-state bank, or any bank not properly designated as a depository under the laws of Florida or the foregoing rules of the state board; nor am I aware of any statutory provision empowering the board of trustees of a community college district to contract with a private entity to use or withdraw such funds from a depository. Rule 6A-14.751 requires that all money drawn from the depository be upon a prenumbered check signed by two authorized persons designated by the board to sign checks and who are under adequate bond. While the contract provides that the funds may be drawn only upon authorization of the community college president or executive vice president, no provision is made within the contract for an adequate bond or for security for such funds held prior to lawful disbursement. In the absence of a statutory provision or authorized rule or regulation of the state board to the contrary, the board or trustees of a community college district lacks the authority to enter into a contract prescribing a different manner or method of custodianship of such funds and disbursement thereof.
This office has previously stated that s. 112.061, F. S., clearly contemplates a reimbursement of travel expenses, not an advance of funds, with which they may be paid. See AGO's 066-105 and 068-24;but see subsequently enacted s. 112.061(12) which provides that an agency head may make, or authorize the making of, advances to cover anticipated costs of travel to travelers. All travel must be authorized and approved by the agency head who
 shall not authorize or approve such a request unless it is accompanied by a signed statement by the traveler's supervisor stating that such travel is on the official business of the state and also stating the purpose of such travel. [Section 112.061(3)(a), F. S.]
See also s. 112.061(7)(a) which provides in part that the agency head shall determine the most economical method of travel for each trip. Cf. s. 112.061(11)(a) and Rule 6A-14.732(2), F.A.C. Travel and the reimbursement for expenses thereof must therefore be separately audited and approved before payment may be made in accordance with law. See s. 230.768, F. S., providing that `[a]ll funds accruing to the benefit of the community college shall be received, accounted for, and expended in accordance with rules and regulations of the state board.' While Rule 6A-14.732(2) and (3) generally provides that the board may adopt such policies relating to travel and the method of reimbursement, including adequate auditing procedures, Rule 6A-14.73(2) and (3), F.A.C., provides that a voucher, i.e., a statement of an account for the purchase of materials and supplies or services, shall be filed in logical order to provide easy reference for both college personnel and the auditor and that the president of a community college present a list of warrants paid during the preceding months or accounting periods ending since the last regular meeting of the board. Moreover, this office has consistently interpreted s. 112.061 to authorize reimbursement for per diem and travel expenses only for travel away from the traveler's official headquarters as defined in s. 112.061(4). See, e.g., AGO's 077-123, 076-56, and 074-132. Thus an officer or employee of the community college may be reimbursed only for travel expenses for travel away from the official headquarters of the college. If the employee, however, has been designated as `in the field' or is stationed away from the official headquarters of the college for a period of more than 30 continuous workdays, the official headquarters of the employee is the town or city nearest to the area where the majority of his work is performed; see s. 112.061(4)(a) and (b). The employee loses his travel status for the remainder of his tour of duty in such city unless express approval for its continuance is obtained from the Department of Administration. See also AGO 070-61. The subject contract contains none of the foregoing provisions regarding the reimbursement of travel expenses of public officers and employees. The travel expenses of public officers and employees of community colleges must be paid by the board of trustees in the manner and circumstances and at the time prescribed by s. 112.061 and in no other manner, time, or method; the boards of trustees of a community college districk lack the power to contract with a private entity or agency or institution of a foreign government to exercise such power or to perform such duties and thus may not enter into a contract which delegates to a private entity or agency or institution of a foreign government the custodianship of public funds or the power to disburse those funds and to reimburse public employees at a rate or in a manner different from that set forth in s. 112.061.
AS TO QUESTION 2:
Based upon my response to the previous question, it is unnecessary to answer question 2.
Prepared by: Joslyn Wilson, Assistant Attorney General