GARRETT, Judge.
A fifteen-foot paved road separates the appellees’ properties from the appellants’ property.
After a dispute arose, the appellants sued claiming title to the entire fifteen feet. A series of pretrial rulings led to the filing of a Fourth Amended Complaint. Along the way, a trespass count was allowed to be amended and then dismissed' with prejudice. A count to quiet title was permitted to stand, then dismissed without prejudice, amended, and then dismissed with prejudice. A count for declaratory relief dismissed with prejudice.
We find such dismissals with prejudice were error.
Appellants having conceded the northern twelve feet of the road were conveyed to the Town of Sewall’s Point as a right of way easement and for public utili *708 ties, dissipated much of the legal objection to the trespass count. The dismissal with prejudice should have been limited to the twelve-foot strip. A cause of action for trespass was stated as to the remaining three feet. Likewise, the declaratory relief and quiet title counts should have been allowed to proceed as to the remaining three feet.
The appellants initially joined two of the three adjoining property owners and the town. The third and fourth amended complaints were dismissed with prejudice for failure to join an indispensable party even after the third adjoining property owner and other nearby property owners were made defendants.
The town and the adjoining property owners constituted the indispensable parties. The town will represent the interests of the public at large. Any other individual must show a special and particular injury different from that suffered by the community as a whole before the right to be a party will be recognized. See Freeman v. McIntosh, 338 So.2d 538 (Fla. 4th DCA 1976).
Accordingly, we reverse and remand for further proceedings consistent herewith.
HERSEY, C.J., and WALDEN, J., concur.