707 So.2d 841 (1998)
FLORIDA WILDLIFE FEDERATION, INC., et al., Appellants,
v.
BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT, etc., et al., Appellees.
No. 97-980.
District Court of Appeal of Florida, Fifth District.
February 27, 1998.
S. Ansley Samson and David G. Guest, of the Sierra Club Legal Defense Fund, Tallahassee, for Appellants.
Robert A. Butterworth, Attorney General, and Jonathan A. Glogau, Assistant Attorney General, Tallahassee, for Appellee Board of Trustees of the Internal Improvement Trust Fund.
Bram D.E. Canter, Tallahassee, for Appellees David A. Smith and Society National Trust Company.
Hume F. Coleman, and Robert R. Feagin, III, of Holland & Knight, Tallahassee, for Appellee David A. Smith.
THOMPSON, Judge.
Appellants, Florida Wildlife Federation, Inc. and Save Our St. Johns River, Inc., appeal from an order denying their motions to intervene in a lawsuit over the ownership of approximately 250 acres of land fronting Lake Poinsett in Brevard County.
*842 The Board of the Trustees of the Internal Improvement Trust Fund ("Trustees"), the state agency vested with title to all sovereignty lands underlying navigable water bodies held by the state in trust for the use and benefit of the public, asserted that the disputed land was located below the ordinary high water mark of the lake. The Trustees filed a two-count complaint asserting claims for trespass, damages, and ejectment. The appellants unsuccessfully sought to intervene pursuant to Rule 1.230, Florida Rules of Civil Procedure.[1] They argued they had a direct and immediate interest in the controversy and the Trustees would not adequately protect their interest. The Trustees did not oppose the motion to intervene and have filed a brief in favor of the appellants' motions to intervene. On appeal, the appellants argue that the trial court abused its discretion by denying intervention. We affirm.
In Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992), the Florida Supreme Court established a two-step analysis to decide if the trial court should grant a motion to intervene. The court wrote:
First, the trial court must determine that the interest asserted is appropriate to support intervention.... Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention.
Id., at 507. See also Morgareidge v. Howey, 75 Fla. 234, 78 So. 14 (1918) (finding the interest necessary to entitle the right to intervene must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.) The trial court correctly applied the two-step analysis established by Union Central. Although the court determined that the appellants showed a direct and immediate interest in the case, the trial court also found that the Trustees, a responsible governmental entity, will fully protect the appellants' interest. See Southland Life Ins. Co. v. Abelove, 556 So.2d 805 (Fla. 5th DCA 1990); Charlotte County Development Commission v. Lord, 180 So.2d 198 (Fla. 2d DCA 1965). Moreover, intervention is a matter of a court's discretion; though the trial court may liberally grant the motion, there is no absolute right to intervention. See Fla. R. Civ. P. 1.230; John G. Grubbs, Inc. v. Suncoast Excavating, Inc., 594 So.2d 346, 347 (Fla. 5th DCA 1992). We find that the appellants' interests are protected by the Trustees. Accordingly, we affirm the trial court, finding there was no abuse of discretion. See Burt v. Richards, 541 So.2d 707 (Fla. 4th DCA 1989); Charlotte County Development Commission v. Lord, 180 So.2d 198 (Fla. 2d DCA 1965).
AFFIRMED.
COBB, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] Rule 1.230 reads:

Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.