707 So.2d 1197 (1998)
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellant,
v.
David BRUNNER, Robert Derendzen, et al., Appellees.
Nos. 97-3011, 97-3012.
District Court of Appeal of Florida, First District.
April 9, 1998.
Gregory D. Venz, Assistant General Counsel, Department of Children and Family Services, Tallahassee, for appellant.
Harold F.X. Purnell of Rutledge, Ecenia, Underwood, Purnell & Hoffman, P.A., Tallahassee, for appellees.
WOLF, Judge.
The Department of Children and Family Services (DCFS) appeals from a final order denying its motion to intervene in a statutory action instituted by appellees in order to obtain refunds of alcoholic beverage licensing fees paid to the Department of Business and Professional Regulation (DBPR). The issue before us is whether the trial court abused its discretion in denying DCFS' motion to intervene. We determine that no abuse of discretion occurred where DBPR, the executive agency statutorily authorized to handle actions for refunds, was already a party to the action, and DCFS demonstrated no special expertise in the subject matter of the pending litigation. We, therefore, affirm.
In December 1996, appellees instituted two separate actions pursuant to section 215.26, Florida Statutes (1995), against the Division of Alcoholic Beverages and Tobacco within the Department of Business and Professional Regulation (hereinafter the division) for refunds of statutory fees paid, pursuant to section 561.19(5), Florida Statutes, for new alcoholic beverage licenses in Leon County.[1] *1198 The division is statutorily charged with the duty of enforcing this provision. See § 561.02, Fla. Stat. (1997).
Appellees alleged in their complaints that the licensing fees were inapplicable to them because the alcoholic beverage licenses which had been issued to them were not subject to the limitations contained in section 561.20(1), Florida Statutes. The challenge was in no way based on the use of the money or any other area in which DCFS has any special expertise.
In January 1997, DCFS sought to intervene in the two actions brought by appellees against the division on grounds that, as trustee of the trust fund referenced in section 561.19(5), it owned the disputed funds and was, therefore, the real party in interest in this litigation even though the division had originally collected the disputed funds. While intervention should be liberally allowed, intervention is not a matter of right, but rests within the sound discretion of the trial judge. See Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505, 507 (Fla.1992). A trial court can, within its discretion, deny a motion for intervention when it is clear that an existing party can adequately protect the proposed intervenor's asserted interest. See Florida Wildlife Federation, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 707 So.2d 841 (Fla. 5th DCA 1998).
DCFS argues that the trial court erred by denying its motion to intervene, on three bases: (1) DCFS will lose substantial operating funds if appellees prevail; (2) DCFS' interpretation of section 561.19(5) diverges from that of DBPR; and (3) the case of Department of Educ. v. Glasser, 622 So.2d 944 (Fla.1993), mandates reversal. We reject these arguments.
First, the Legislature has determined that DBPR is the executive agency authorized to defend in tax refund litigation such as the instant case. § 215.26, Fla. Stat. (1997). Therefore, it is unclear whether DCFS even has the statutory authority to participate in this litigation. The subject matter of the litigation involves the applicability of the taxing statute; there is no challenge to how the revenue is expended. Therefore, there is no challenge to any matter within the expertise of DCFS.
We also find DCFS' argument concerning divergent interpretations of the statute to be unpersuasive. If two state executive agencies cannot agree on statutory interpretation or how to proceed in defending litigation, this is a matter to be resolved within the executive branch rather than requiring the taxpayer to litigate against two state agencies. In addition, DCFS has not demonstrated why its interpretation would prevail over that of the agency which has the statutory authority to administer the statute.
We further find the Glasser case to be inapplicable. Glasser does not involve two state level executive branch agencies, but rather a local tax collector and the Department of Education which the supreme court found had widely divergent interests. The court in Glasser further determined that the Department of Education was the real party in interest concerning the subject matter of the litigation. Thus, the question there was not whether the trial court abused its discretion in denying intervention, but rather whether it was error to proceed with the litigation in the absence of any party representing the state's interest.
We find no abuse of discretion in this case; the trial court's decision to deny intervention is affirmed.
JOANOS, J., and SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] Section 561.19(5), Florida Statutes (1995) provides:

A fee of $10,750 shall be collected from each person, firm, or corporation that is issued a new liquor license subject to the limitation imposed in s. 561.20(1) as provided in this section.... The revenues collected from the initial license fee imposed by this subsection shall be deposited in the Department of Health and Rehabilitative Services' Operations and Maintenance Trust Fund to be used for alcohol, drug abuse education, treatment, and prevention programs.
In January 1997, the Department of Health and Rehabilitative Services ceased to exist and was replaced by the Department of Children and Family Services and the Department of Health. See ch. 96-403, §§ 5, 8 and 29, Laws of Fla. The Alcohol, Drug Abuse, and Mental Health Program Office of the former Department of Health and Rehabilitative Services, which had apparently been responsible for administering the trust fund referenced in section 561.19(5), became an entity of the Department of Children and Family Services when it was created. See ch. 96-403, § 5, Laws of Fla.; see also § 20.19(4)(b)4., Fla. Stat. (1997).