503 So.2d 1333 (1987)
BAY PARK TOWERS CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
H.J. ROSS & ASSOCIATES, Appellee.
No. 85-1431.
District Court of Appeal of Florida, Third District.
March 10, 1987.
*1334 Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami, for appellant.
Peters, Pickle, Flynn & Niemoeller and Donna C. Hurtak, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant, Bay Park Towers Condominium Association, Inc., contends that the trial court should have allowed it to intervene as the real party in interest in an action for damages brought against an engineering firm which had warranted that the building's plumbing system was not defective.
The action was commenced by Donald J. Dowd as an individual unit owner and as a class action on behalf of all unit-owner members of the condominium association. The defendants, including the appellee H.J. Ross & Associates, the engineering firm which inspected the plumbing system, responded that Dowd was without authority to bring the class action "as the statutory authority for bring[ing] a suit involving common elements rests in the Condominium Association."
Shortly after the pleadings were closed, the Association filed its motion to intervene, alleging that as the manager of the condominium's common elements it was the proper party plaintiff. The Association agreed that as an intervenor it would accept the pleadings as it found them and proceed to trial on the issues as framed. After the Association's complaint and motion to intervene had been filed, the court ruled that the original complaint of Dowd could not proceed as a class action. The Association's motion to intervene was also denied. The effect of the two rulings was to deny any action for damages caused by the alleged defective plumbing except suits brought by the unit owners individually. We reverse.
Although no reasons are stated in the order denying the motion to intervene, the Association addresses several arguments which were made by the appellee in the trial court. We briefly consider the same points.
First, the power to manage condominium property and to sue with respect to the exercise of such power is expressly granted a condominium association by section 718.111(3), Florida Statutes (1985), and Florida Rule of Civil Procedure 1.221, which provide in identical language:
[T]he association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; ... and plumbing elements... .
Appellant correctly contends that the Association should be allowed to intervene because *1335 the Association's interests with regard to the common elements would not be adequately protected in the pending suit. Specifically, the argument is that the individual unit owners have no direct interest in damages caused to the common elements.
In Brickell Bay Condominium Ass'n, Inc. v. Forte, 410 So.2d 522 (Fla. 3d DCA 1982), we held that the trial court abused its discretion in denying the association's application to intervene where (1) the association had a direct interest in the outcome of the litigation and (2) the interests of the association would not be fully protected by the original plaintiff. On legal principles this case is indistinguishable. See Juno By The Sea Condominium Apartments, Inc. v. Juno By The Sea N. Condominium Ass'n, 418 So.2d 1190 (Fla. 4th DCA 1982) (condominium association can sue on behalf of unit owners concerning the building's common elements); Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc., 406 So.2d 515 (Fla. 4th DCA 1981) (in order to make condominium association whole for defects in common elements, damages must equal the sum necessary to correct the condition), review denied, 417 So.2d 328 (Fla. 1982).
Second, the statute of limitations does not bar the Association's intervention. The general rule, properly relied upon by the Association, is that:
[T]he right to intervene exists in favor of a person who claims to be the owner of, or to have some interest in, the property or right which is the subject of litigation, even though an action by him would be barred by the statute of limitations. In other words, where there is a community of interest, a suit properly and timely instituted inures to the benefit of one who intervenes after the time limit has passed.
51 Am.Jur.2d Limitation of Actions § 264 (1970) (footnotes omitted). See 35 Fla. Jur.2d Limitation of Actions § 77 (1982) (amendment for a mere change in a party plaintiff is not affected by the expiration of the period allowed by the statute of limitations). See also Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla. 3d DCA 1975) (where the association lacked standing to represent the interests of individual unit owners, defendant would not be heard to complain that the statute of limitations barred amendment of the complaint to add the individual unit owners as plaintiffs), appeal dismissed sub nom. Brown v. Imperial Towers Condominium, Inc., 354 So.2d 978 (Fla. 1977).[1]
Third, there is no showing by the defendants that intervention by the Association will in any way delay or disrupt the proceedings or cause a disadvantage to any party. To the contrary, the Association makes no claim for relief other than that sought by Dowd, and it has agreed to be bound by the pleadings and issues as framed at the time the application to intervene was filed. In this respect the Association concedes subordination of its action to that of Dowd's claim, which is a condition to intervention. Fla.R.Civ.P. 1.230 ("intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding"); 39 Fla.Jur.2d Parties § 32 (1982) (rule of subordination may be stated that one who intervenes in a pending action ordinarily must come into the case as it exists and conform to the pleadings as he finds them or that he must take the case as he finds it). See Coast Cities Coaches, Inc. v. Dade County, 178 So.2d 703 (Fla. 1965) (intervenor is bound by record made at time he intervenes and must take suit as he finds it).
On this record there is no showing why the Association should not be permitted to intervene. The Association, on the other hand, has given good reasons why intervention should be permitted.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Appellee inspected the plumbing system in 1975. The limitation period for an action founded on negligence is four years. § 95.11(3)(a), Fla. Stat. (1985). Thus, a new action by individual unit owners would be barred by the statute of limitations.