PER CURIAM.
The plaintiff Dolores Riera appeals from a partially adverse declaratory decree which (a) orders the defendant Finlay Medical Centers HMO Corp. [Finlay] to pay or settle all medical bills incurred by the plaintiff, an HMO member of Finlay, in connection with a particular automobile accident in which the plaintiff sustained certain injuries; (b) declares that Finlay will be entitled to a judgment from the plaintiff for whatever amounts it is required to pay on the above medical bills, so long as said payments do not exceed $100,000 [the amount the plaintiff received in settlement from the tortfeasor in an action arising out of the above-stated accident]; and (c) declares that the plaintiff is entitled to attorney’s fees and costs as the prevailing party in this action, but limits such award to those fees and costs incurred before the plaintiff settled her lawsuit against the tortfeasor, which settlement occurred during the pendency of this declaratory decree action. We affirm, save for the aforesaid limitation on the attorney’s fee award.
First, we see no error in the trial court’s decree that Finlay pay the plaintiff’s medical bills directly to the plaintiff’s medical care providers, rather than to the plaintiff directly, because this is what Fin-lay was legally obligated to do under the HMO contractual arrangement with the plaintiff. This being so, no prejudgment interest is required to be paid to plaintiff, as urged, because Finlay was never legally obligated to pay the plaintiff directly for the above medical bills. Beyond that, at best such payment represented nothing more than a “pass through” the plaintiff to the ultimate medical care providers, and, clearly, prejudgment interest to the plaintiff is inappropriate in such a case. See Parker v. Brinson Constr. Co., 78 So.2d 873, 874 (Fla.1955) (“[I]f it is finally determined that the debt was due, the person to whom it was due is entitled ... to interest at the lawful rate from the due date thereof.”) (emphasis added); Cooper v. Alford, 477 So.2d 31 (Fla. 1st DCA 1985) (same); Ray v. Travelers Ins. Co., 477 So.2d 634, 636 (Fla. 5th DCA 1985) (same).
Second, the trial court properly declared that Finlay was entitled to a reimbursement on all medical bills paid from the plaintiff’s above-stated $100,000 tort recovery, so long as said reimbursement does not exceed such recovery. § 641.31(9), Fla.Stat. (1985). We reject the plaintiff’s contrary arguments because they proceed on the erroneous assumption that the above statute affords a subrogation remedy to Finlay; the said statute affords a reimbursement, not a subrogation remedy to Finlay, and, accordingly, the conditions precedent necessary to maintain a subrogation remedy need not be shown.
Finally, the plaintiff, without dispute, was entitled to an award of attorney’s fees and costs as the prevailing party in this action. § 641.28, Fla.Stat. (1985). This being so, we see no basis for the time limitation placed on the entitlement to fees *374 and costs by the trial court, and, accordingly, said limitation is stricken.
Affirmed as modified.