556 So.2d 805 (1990)
SOUTHLAND LIFE INSURANCE COMPANY, et al., Appellants,
v.
Jennifer ABELOVE, etc., et al., Appellees.
No. 88-2245.
District Court of Appeal of Florida, Fifth District.
February 15, 1990.
Russell B. Karr of David L. Kahn, P.A., Fort Lauderdale, for appellants.
E. Clay Parker and Pamela A. Mark of Parker, Johnson, Owen, McGuire, Michaud, Lang & Kruppenbacher, P.A., Orlando, for appellees Richard W. Maxwell, M.D., Richard W. Maxwell, M.D., P.A., Duane L. Seig, M.D., Duane L. Seig, M.D., P.A. and Orthopedic Management Company, f/k/a Drs. Risi, Maxwell & Seig, P.A.
Robert D. Henry and Angelina Marie Massari of Maguire, Voorhis & Wells, P.A., Orlando, for appellee Rocio Maria Doyle, M.D.
Jennings L. Hurt, III, Orlando, for appellee Betty Modrak.
D. Andrew DeBevoise of Taraska, Grower, Unger and Ketcham, P.A., Orlando, for appellees David O. Ranz, M.D., David O. Ranz, M.D., P.A. and Gettings Emergency Services.
Harry K. Anderson, Orlando, for appellees Holmes Regional Medical Center, Carol J. Hakkila, Betty Modrak, D. Craven Windham, Margaret Kedik-Nemethy, and Dawn Sarajian.
COBB, Judge.
This case concerns the right of a subrogee, Southland Life Insurance Company, to intervene in its insured's action against putative tortfeasors allegedly responsible for the insured's injuries. Southland asserts it has paid out $600,000.00, and expects to ultimately incur over $1,000,000, in medical expenses. Southland's insurance policy with its insured, Jennifer Abelove, specifically entitles it to subrogation rights against responsible third parties.
The trial court denied Southland's motion to intervene, instead granting it "the right to fully monitor this case, and ... attend the trial and all discovery depositions." In addition, the trial court ordered that the parties were prohibited from settling without *806 adequate notice to Southland, and that Southland was entitled to "full opportunity to assert its rights before the Court, prior to any settlement being presented to the Court."
Florida Rule of Civil Procedure 1.230 governs interventions:
Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
To determine whether a trial court has abused its discretion in denying a motion for intervention, the Florida Supreme Court's general test established in Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, 15 (1918), continues to be applied. The rule sets out the following requirements:
[T]he interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.
Southland asserts that it meets the Morgareidge requirements for intervention.
Clearly, Southland has a direct and immediate interest in the Abelove litigation. Its chances for recovering paid-out medical expenses stand or fall according to the success and character of Jennifer's suit. Accordingly, Southland will "either gain or lose by the direct legal operation and effect of the judgment." Morgareidge, supra.
A further condition to intervention is set out in Bay Park Towers Condominium Association, Inc. v. H.J. Ross & Associates, 503 So.2d 1333 (Fla. 3d DCA 1987), namely, that the intervenor's interests will not be fully protected by the original plaintiff's suit in his own interest. In this instance Southland fears that Jennifer may concentrate her efforts on an award for future damages rather than dilute them by including past, insurance-paid, medical costs. As Southland notes, intervention was allowed for a party in Brickell Bay Condominium, Inc. v. Forte, 410 So.2d 522, 524 (Fla. 3d DCA 1982), so that it could assist in bringing about the full recovery which alone would adequately protect its interest.
As further support for its motion to intervene, Southland cites to Blue Cross of Florida, Inc. v. O'Donnell, 230 So.2d 706 (Fla. 3d DCA 1970). Blue Cross sought to intervene in an action for damages because it had paid plaintiff's medical expenses. As in the present appeal, a subrogation clause in the insurance policy gave Blue Cross the right to collect against the defendant. When the trial court denied the Blue Cross motion to intervene, the district court reversed, concluding that "equitable disposition of the parties' rights" required intervention." Id. at 709.
We agree with Southland. Despite the various measures taken by the trial court to protect Southland's subrogation rights, none of these measures equates with intervention, to which Southland was entitled based upon Morgareidge and the other cases cited herein.
REVERSED.
DANIEL, C.J., and W. SHARP, J., concur.