566 So.2d 1335 (1990)
UNION CENTRAL LIFE INSURANCE COMPANY, Appellant,
v.
Danielle CARLISLE, through Her Guardians and Parents, Deborah Carlisle, Individually, As Mother of Danielle Carlisle, and Edward Carlisle, Individually, As Father of Danielle Carlisle, et al., Appellees.
Nos. 89-1370, 89-1879.
District Court of Appeal of Florida, Fourth District.
September 5, 1990.
Motion to Lift Stay Denied October 19, 1990.
Rehearing Denied October 19, 1990.
*1336 John W. Thornton of Thornton & Mastrucci, P.A., and Jeanne Heyward, Miami, for appellant.
Gene K. Glasser and Mary Jo Meives of Abrams, Anton, Robbins, Resnick & Schneider, P.A., Hollywood, for appellees.
LETTS, Judge.
In a medical malpractice action, the insurer, which had paid out $514,000 in health benefits under a group policy, was denied the right to intervene in the main suit brought by the injured party. We affirm.
Florida Rule of Civil Procedure 1.230 provides that "Anyone claiming an interest in pending litigation may at any time be permitted to assert his right of intervention." (emphasis supplied.) Obviously, this is a very broad directive but, by the same token, it imparts equally broad discretion to the trial judge. In the case at bar, the trial judge refused to allow the intervention[1] and we find no abuse of discretion in that refusal.
It is true that in Southland Life Insurance Company v. Abelove, 556 So.2d 805, 806 (Fla. 5th DCA 1990), the Fifth District found such an abuse and enunciated the test "[t]o determine whether a trial court has abused its discretion in denying a motion for intervention," quoting Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, 15 (Fla. 1918) as follows:
[T]he interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.
It goes without saying, in the case at bar, that the insurer seeking to intervene "will either gain or lose by the direct legal operation and effect of the judgment." It has paid out over a half million dollars in health benefits to the injured party who in her main action is claiming in part, as the subject of her litigation, damages for the "expense of hospitalization, medical and nursing care and treatment"  the very same damages which occasioned the $514,000 payment. Moreover, as will be discussed in more detail hereafter, the injured party is obligated to reimburse the insurer for all collateral source monies received under the group policy. Obviously, if the suit is not successful, the insurer will not be reimbursed and its interest therefore *1337 is certainly "of a direct and immediate character."
We are aware also that the Fifth District in Abelove alluded to a further condition for intervention, namely that the intervenor must have some "fears" that its "interests will not be fully protected by the original plaintiff's suit... ." To this end, the Fifth District cites to Bay Park Towers Condominium Association, Inc. v. H.J. Ross and Associates, 503 So.2d 1333 (Fla. 3d DCA 1987). With the utmost of respect, we can find no such condition expressed in Bay Park Towers, but even if it had been, we feel the condition is fulfilled sub judice by the very fact of filing a complaint in intervention. Why else try to intervene if it is not because the insurer is apprehensive that its rights are not fully protected?
In the briefs and during oral argument of this case, there was discussion about subrogation. There are several cases approving of intervention where insurance policies have subrogation clauses. See, e.g., Southland Life Insurance Company v. Abelove; Blue Cross of Florida Inc. v. O'Donnell, 230 So.2d 706 (Fla. 3d DCA 1970) and Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla. 1986).[2] On the other hand, there are many other cases which clearly indicate that a subrogation clause in a personal injury suit is not the only appropriate occasion for intervention. See, e.g., Brickell Bay Condominium Association, Inc. v. Forte, 410 So.2d 522 (Fla. 3d DCA 1982); Morgareidge v. Howey, supra.[3] Nonetheless, the question of subrogation is not irrelevant sub judice because, while the policy in question does not contain a classic subrogation clause, and the magic word "subrogation" never appears, it does contain a provision which requires the injured victim to repay the insurer from the recovery in the main action. That provision reads as follows:
RIGHT OF REFUND
When This Provision Applies. The covered person may incur medical or dental charges due to injuries for which benefits are paid by the Policy. The injuries may be caused by the act or omission of another person. If so, the covered person may have a claim against that other person for payment of the medical or dental charges. If recovery under the claim is made, the covered person must repay to the Insurer the recovery made from: (a) the other person or (b) the other person's insurer.
This clause does not directly grant subrogation rights to the insurer against a third party tort-feasor.[4] Instead, it merely requires the insured to repay the insurer out of any recovery obtained. Nonetheless, the clause appears to us to grant to the insurer an interest in the subject litigation. As Judge Schwartz reported in Rebozo v. Royal Indemnity Company, 369 So.2d 644, 646 (Fla. 3d DCA 1979), quoting from another case, "Subrogation, a creation of equity, is founded on the proposition of doing justice without regard to form, and was designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another." As to the case at bar, this quoted definition is apt and the insurer would clearly be entitled to equitable subrogation.
However, the entitlement to subrogation, equitable or otherwise, does not appear to us to mandate that a trial judge must allow intervention in every case and we adhere to our conviction, earlier above stated, that this is a matter best left to the discretion of the trial judge. We particularly disagree with the Fifth District that intervention was mandated under the facts of Abelove[5] because the trial judge in that *1338 case appears to us to have taken particular pains to safeguard the rights of the insurer.
It is difficult to gauge the impact that this decision will have. Were we to hold to the contrary, would that open the flood gates and cause insurers to intervene in all cases of this type? Is the particular clause in this insurance policy unique? Does the existence of classic subrogation clauses, such as is set forth in the footnote to the First District's version of Blue Cross and Blue Shield of Florida, Inc. v. Matthews, 473 So.2d 831, 832 (Fla. 1st DCA 1985) obviate the necessity to intervene because they are protection enough in and of themselves? We deem the answers to these questions to be matters of great public importance and we, therefore, certify the following question to the supreme court:
DID THE TRIAL JUDGE ABUSE HIS DISCRETION WHEN HE REFUSED TO PERMIT THE INSURER TO INTERVENE IN THIS CASE?
Finally, and without protracted discussion, we reverse the award of attorney's fees in favor of the plaintiffs. Since we conclude that the insurer certainly had a right to attempt to intervene, under Rule 1.230 it should not be held liable for attorney's fees under section 627.428, Florida Statutes (1987). Moreover, we are particularly confident that it was also error to award such fees under section 57.105. We have had great difficulty in arriving at our conclusion and our apprehension as to the correctness of what we do has spawned the above-certified question. Obviously then, we are unable to agree that there is "a complete absence of justiciable issue of either law or fact." Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 505 (Fla. 1982).
This cause is affirmed in part and reversed in part.
AFFIRMED IN PART; REVERSED IN PART.
DELL and STONE, JJ., concur.
NOTES
[1] The trial judge granted the injured party's motion to dismiss the intervenor's complaint.
[2] The subrogation clause present in that case was fully set forth in the First District's version. See Blue Cross & Blue Shield of Florida, Inc. v. Matthews, 473 So.2d 831 (Fla. 1st DCA 1985).
[3] For a list of other cases denying or permitting intervention see footnote one to Trawick, Florida Practice and Procedure § 4-9 (1989).
[4] See R. Keeton & A. Widiss, Insurance Law § 3.10(a) Subrogation (1988).
[5] There was no attempt to take this case to the supreme court.