593 So.2d 505 (1992)
UNION CENTRAL LIFE INSURANCE COMPANY, Petitioner,
v.
Danielle CARLISLE, etc., et al., Respondents.
No. 76953.
Supreme Court of Florida.
January 23, 1992.
*506 John W. Thornton of Thornton & Mastrucci, P.A., and Jeanne Heyward, Miami, for petitioner.
Mary Jo Meives of Abrams, Anton, Robbins, Resnick and Schneider, P.A., Hollywood, for respondents.
Roy D. Wasson, Miami, amicus curiae for Academy of Florida Trial Lawyers.
BARKETT, Justice.
We have for review Union Central Life Insurance Co. v. Carlisle, 566 So.2d 1335 (Fla. 4th DCA 1990), in which the district court certified to this Court a question of great public importance.[1]
Danielle Carlisle, through her parents, Deborah and Edward Carlisle, (Carlisles) filed a medical malpractice action to recover damages arising at the time of her birth. Union Central Life Insurance Company (Union Central), the Carlisles' health insurer, sought to intervene in the malpractice action in order to recover $514,000[2] it had paid in health benefits to the Carlisles under their group medical policy. The Union Central policy contained a provision which provided for a right of refund in the event the insured recovered from the third-party tortfeasor or his insurer. The trial court denied this motion with prejudice, and Union Central appealed. The district court affirmed, holding the trial court did not abuse its discretion in denying the motion. The court noted that the Fifth District had allowed an insurer to intervene in a factually similar case, see Southland Life Insurance Co. v. Abelove, 556 So.2d 805 (Fla. 5th DCA 1990), but concluded that in this case Union Central's financial interest alone was insufficient to mandate intervention. The court then certified the following as a question of great public importance:

*507 DID THE TRIAL JUDGE ABUSE HIS DISCRETION WHEN HE REFUSED TO PERMIT THE INSURER TO INTERVENE IN THIS CASE?
Carlisle, 566 So.2d at 1338.
Florida Rule of Civil Procedure 1.230 provides:
Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
The test to determine what interest entitles a party to intervene is set forth in Morgareidge v. Howey, 75 Fla. 234, 238-39, 78 So. 14, 15 (1918):
[T]he interest which will entitle a person to intervene ... must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.
In this case, Union Central is asserting an interest deriving from a contractual right to refund that is contingent upon recovery by the Carlisles from the defendants in the malpractice suit. According to the contract, Union Central is entitled to a refund of any medical benefits it has paid to its insured which are subsequently recovered from a third-party tort-feasor or his insured. Nonetheless, we agree with the court below that intervention pursuant to rule 1.230 is a matter of discretion.
However, we are confronted with a situation where almost identical circumstances produced opposite results. In Abelove, the insurance company paid $600,000 in medical benefits to its insured. The insurance policy contained a provision entitling the insurance company to subrogation rights against responsible third parties.[3] When the insured sued the alleged tort-feasor, the insurance company sought to intervene. The trial court denied intervention, but granted the insurance company the right to fully monitor the case and attend the trial and all discovery depositions, and provided the insurer a full opportunity to assert its rights prior to any presentation of settlement to the court. The Fifth District reversed and granted intervention, holding that the measures taken by the trial court could not equate with intervention. Id. at 709.
It is apparent that the trial judge in Abelove, like the trial judge here, addressed the problems presented by intervention in this context and attempted to protect the interests of both parties to the extent possible. We agree with the Fourth District in this case that an insurance company cannot be permitted to interfere with or even participate in the trial between the claimant and the tort-feasor.[4] However, we agree with the Fifth District in Abelove that an insurance company in this situation must be given a meaningful opportunity to assert and protect its interests. The status of intervenor assures the right to be heard and the ability to appeal an adverse ruling. In this context, intervention guarantees the insurance company standing to appeal any adverse decision regarding the apportionment or distribution of judgment or settlement funds. Thus, we find that a satisfactory resolution to this problem requires a compromise between the two views.
First, the trial court must determine that the interest asserted is appropriate to support intervention. See Morgareidge. Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention. In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for *508 conflicts or new issues, and any other relevant circumstance.
Second, the court must determine the parameters of the intervention. As the drafters of rule 1.230 noted:
Under this rule, the court has full control over intervention, including the extent thereof; although intervention under the rule is classified as of right, there must be an application made to the court, and the court in its discretion, considering the time of application as well as other factors, may deny the intervention or allow it upon conditions.

30 Fla. Stat. Ann. 352 Authors' Comment  1967 (1985) (emphasis added). Thus, intervention should be limited to the extent necessary to protect the interests of all parties.
Under the facts of this case, including, among other things, the contractual language requiring repayment of medical expenses recovered from the lawsuit as well as the substantial amount of those expenses, Union Central has demonstrated the requisite interest entitling it to intervene. Because the right to intervene is limited only to the extent of that interest, Union Central may monitor the trial as a spectator, but it cannot participate in any way other than to make appropriate motions to protect its interests.[5] Union Central also has the right to be heard prior to the distribution of any judgment or settlement proceeds and may appeal the trial court's decision on this point.
Accordingly, we answer the certified question in the affirmative as qualified herein. We remand for further proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] As of the date of oral argument, this figure had risen to almost $800,000.
[3] Although the difference between the contractual language in Southland Life Insurance Co. v. Abelove, 556 So.2d 805 (Fla. 5th DCA 1990), and this case may have significance in another context, it is not relevant to the determination of the issue here.
[4] Courts must continually be concerned that insurance coverage not be introduced to the jury because of its potential to impact adversely upon the plaintiff's claim. See Gormley v. GTE Products Corp., 587 So.2d 455 (Fla. 1991).
[5] Although hard to imagine, Union Central suggests that a plaintiff might not present to the jury the medical bills which it has paid. In such a case, the intervenor would have the right to present argument to the court on whether the plaintiff should be required to present those bills as part of its claim to the extent authorized by the trial judge.