594 So.2d 346 (1992)
JOHN G. GRUBBS, INC., Appellant,
v.
SUNCOAST EXCAVATING, INC., etc., et al., Appellees.
No. 91-1173.
District Court of Appeal of Florida, Fifth District.
March 6, 1992.
Thomas S. Hogan, Jr., of Hogan, Levine, Unice & Cario, Brooksville, for appellant.
*347 Scott L. Knox of Scott L. Knox, P.A., Clearwater, for appellees.
COWART, Judge.
The Board of County Commissioners invited bids for certain construction work. Appellant Grubbs alleges that, as the apparent lowest bidder, it was notified by the County that it had been awarded the contract. Another bidder (appellee Suncoast Excavating, Inc.) filed a complaint against the County seeking declaratory relief involving the bidding and an injunction against the County letting the contract to Grubbs. The trial court temporarily enjoined the County from letting a contract to Grubbs. Grubbs filed a motion to intervene in the litigation between the other bidder (Suncoast) and the County, and a motion to dissolve the temporary injunction. The trial court denied Grubbs' motion to intervene finding that Grubbs "does not have sufficient direct and immediate interest in this action." Grubbs appeals. We reverse.
Florida Rule of Civil Procedure 1.230 entitled "Interventions" provides:
Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
Intervention is not a matter of right but rests within the discretion of the trial court. Union Central Life Insurance Co. v. Carlisle, 593 So.2d 505 (Fla. 1992); Maryland Casualty Co. v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981); Coral Bay Property Owners Ass'n v. City of Coral Gables, 305 So.2d 853 (Fla. 3d DCA 1974). In Union Central Life, the supreme court explained that this discretion is properly exercised in the following context:
First, the trial court must determine that the interest asserted is appropriate to support intervention. See [Morgareidge v. Howey, 75 Fla. 234, 78 So. 14 (1918)]. Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention. In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance.
Second, the court must determine the parameters of the intervention. As the drafters of rule 1.230 noted:
Under this rule, the court has full control over intervention, including the extent thereof; although intervention under the rule is classified as of right, there must be an application made to the court, and the court in its discretion, considering the time of application as well as other factors, may deny the intervention or allow it upon conditions.

30 Fla. Stat. Ann. 352 Authors' Comment  1967 (1985) (emphasis added). Thus, intervention should be limited to the extent necessary to protect the interests of all parties.
593 So.2d at 507.
In Southland Life Insurance Co. v. Abelove, 556 So.2d 805, 806 (Fla. 5th DCA 1990), this court found an abuse of discretion in the denial of a subrogee's (insurer's) motion to intervene in an action by its insured against the putative tortfeasor allegedly responsible for the insured's injuries. This court related the test set out in Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, 15 (1918), "[t]o determine whether a trial court has abused its discretion in denying a motion for intervention":
[T]he interest which will entitle a person to intervene under this provision must be in the matter of litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or *348 some part thereof, which is the subject of litigation.
556 So.2d at 806.[1]
In Union Central Life, the supreme court restated the Morgareidge test for determining what interest entitles a party to intervene and approved the result in Abelove to the extent it allowed the insurer an opportunity to assert and protect its interests.
Dedmond v. Escambia County, 244 So.2d 758 (Fla. 1st DCA 1971) and Schloesser v. Dill, 383 So.2d 1129 (Fla. 3d DCA 1980) hold that in the context of the public bidding process, a binding contract exists when the public body accepts a definite proposal of a particular bidder and notifies the bidder of such acceptance and that this is so even though a formal contract has yet to be executed. Grubbs argues that because a binding contract existed between the County and itself, no injunction should have been issued as the rejected bidder was limited to a remedy at law for his damages. See Wood-Hopkins Contracting Co. v. Roger J. Au & Son, Inc., 354 So.2d 446 (Fla. 1st DCA 1978).
The ultimate question in this litigation is whether the bidding process was flawed so that the contract between the County and Grubbs, which under settled case law came into effect after the County accepted Grubbs' bid and communicated this acceptance to Grubbs, is void. Resolution of this issue will directly and immediately affect Grubbs and Grubbs will gain or lose by the direct legal operation and effect of the court's ruling. Grubbs has exactly the type of interest in the pending litigation contemplated by Rule 1.230 because as a result of the temporary injunction, it is barred from performing under the contract awarded to it by the County. The trial court abused its discretion in failing to allow Grubbs to intervene to assert its claim of a valid contract with the County. See Citibank, N.A. v. Blackhawk Heating & Plumbing, Co. Inc., 398 So.2d 984 (Fla. 4th DCA 1981) (in pledgor's action for proceeds of sale of stock against purchaser of stock, trial court abused its discretion in denying pledgee's motion to intervene where pledgee was entitled under pledge agreement to receive any sums which would be paid to pledgor).
The order denying Grubbs' motion to intervene is reversed with directions that the trial court grant the motion and consider Grubbs' motion to dissolve the temporary injunction.
REVERSED and REMANDED.
HARRIS and DIAMANTIS, JJ., concur.
NOTES
[1] This court added that a further condition to intervention is that the intervenor's interests will not be fully protected by the original plaintiff's suit in his own interest. 556 So.2d at 806. In the instant case, the plaintiff and the intervenor's interests are directly at odds.