POLEN, Judge.
Humana Health Plan, Inc. appeals from two final orders denying its motions to intervene in an action brought by George Durant as the legal guardian of the personal property of Sonja Durant, along with George Durant and Steve Durant personally, against the city of Hollywood. We reverse, as the trial court erred by not allowing Humana to intervene post trial.
The Durants had filed suit against the city of Hollywood to recover damages for personal injuries to Sonja, which arose out of an automobile accident between Sonja and an employee of the city of Hollywood. An amended complaint was subsequently filed as a result of Sonja’s death, seeking damages for wrongful death and medical expenses. The city of Hollywood admitted liability and the only question left for the jury was damages.
Humana’s first motion to intervene was filed three weeks before trial, even though the instant action had been pending for twenty-one months. We do not believe that the trial court’s denial of the first motion to intervene was in error as intervention is a . matter within the trial court’s discretion, and the trial court’s denial of intervention three weeks before trial so as not to delay the trial was clearly within the court’s discretion. Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992). However, it was error to deny Humana’s motion for post-trial intervention as Humana alleged that it had a right to reimbursement for $269,434.65, unrefntedly paid by Humana for medical care on behalf of Sonja Durant — a sizeable interest— and the trial court’s reason for denying pretrial intervention, so as to not delay the trial, no longer existed. Further, to the extent that Humana was interested in establishing at trial the amount it had paid for Sonja’s medical care, that was not in dispute. The parties all agreed Humana had paid $269,-434.65. The greater concern for Humana was to be able to recover all or part of what it had paid from the estate’s recovery from the city of Hollywood. That could more readily be addressed by allowing Humana’s intervention post-verdict. Thus, we reverse and remand to allow Humana to intervene in the post-judgment proceedings and to consider in connection with Humana’s claim in intervention the city of Hollywood’s motion to reduce the jury’s verdict by collateral sources.
The city of Hollywood had also raised two points on appeal, first contending that the trial court erred in denying its motion for post-trial disposition of medical expenses as all such expenses had been paid by a collateral source or discounted or extinguished. We reverse this point, only so far as it must now be considered in conjunction with any of the claims Humana makes in the post-verdict proceedings. As a second point on appeal, the city of Hollywood contends that the trial court should have granted a new trial since *205 question two of the jury verdict form deviated from the standard jury instructions, resulting in an award of damages not available under Florida Statutes and which was barred by probate statutes. We affirm the trial court’s denial of a new trial on this basis, and only reverse to allow Humana to intervene in the post-judgment proceedings. We also note that in case number 93-2775, Humana appealed two orders rendered as a result of its claim against the estate of Sonja Durant. The resolution of that appeal will be addressed in a separate opinion.
STONE, J., and DONNER, AMY STEELE, Associate Judge, concur.