PER CURIAM.
The State of Florida appeals the circuit court’s order allowing Billie Jean Rains to *1255 intervene in a distribution of assets from a civil RICO [1] settlement. Because the circuit court did not abuse its discretion in permitting the intervention, we affirm.
The standard of review for an order granting a motion to intervene is abuse of discretion. Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992). In this case, Rains claimed an interest in property obtained by the state in a civil RICO settlement. She alleged that the state failed to give her the notice at the time the RICO action was initiated. Based on these allegations, the circuit court granted Rains intervenor status so the validity of her claim could be determined. The circuit court did not abuse its discretion in this ruling and therefore we affirm.
The dissent concludes that Rains does not have a valid claim to the sale proceeds. However, the validity of the claim is not at issue. The limited question before this court is whether intervention was properly allowed. After Rains is allowed to intervene, the circuit court can rule on the validity of her claim.
Affirmed.
BLUE and QUINCE, JJ., concur.
PARKER, A.C.J., dissents with opinion.

. Racketeer Influenced and Corrupt Organization Act, §§ 895.01-.06, Fla.Stat. (1989).