FARMER, Judge.
Although we affirm the summary judgment on the intervenor hospital’s claim against its patient before the patient’s claim against the tortfeasor has itself gone to judg *1275 ment, we reverse that part of the summary judgment that includes an amount the patient owes the Florida State Department of Labor and Employment Security, Division of Vocational Rehabilitation (DVR).
The principal contention of the patient is that under Union Central Life Insurance Co. v. Carlisle, 593 So.2d 505 (Fla.1992), the hospital had only a limited right to intervene in the patient’s personal injury lawsuit against his tortfeasor, and it is therefore improper to allow the hospital as an intervenor to seek a money judgment against the patient in that action. The hospital had the right to intervene only to monitor the action, says the patient, not to seek its own judgment.
In Carlisle, the supreme court reaffirmed the principle that intervention is a matter of discretion with the trial judge. At the same time, the court also pointed out that “an insurance carrier cannot be permitted to interfere with or even participate in the trial between the claimant and the tort-feasor.” 593 So.2d at 507. The difference with Car-lisle and the present case is that here the trial court allowed the intervention, while in Carlisle the trial court did not. In allowing the hospital to reduce its hospital bill to judgment, the court did not permit the inter-venor to interfere with, delay, or participate in a trial on the patient’s claim against the tortfeasor.
While it is true that the tortfeasor has the right to contest the provision and amount of charges for necessary medical services as not proximately related or unreasonable, the patient’s right to challenge the amount of the bill is not coextensive with the tortfeasor’s right to defend on the damages issue. The patient may have legitimately incurred charges at the hospital that are beyond the tortfeasor’s proximate cause responsibility. There is thus a difference in the obligations between the patient and hospital, on the one hand, and those between the patient and tortfeasor, on the other. The fact of the pendency of the patient’s suit against his tortfeasor does not preclude the hospital from seeking a money judgment on the charges before the patient can sue the tortfeasor.
The patient does not dispute that the hospital would have been perfectly entitled to sue him in a separate action, which could result in a money judgment before the patient’s suit was tried. No claim or defense in the patient’s action could be affected by the hospital’s judgment. In neither case, would the judgment in the one bind the judgment in the other by res judicata or even collateral estoppel. The end result would have been the same. We cannot say that a trial judge abuses her discretion simply because she goes further than the minimum intervention that Carlisle requires by allowing an interve-nor health care provider to seek a money judgment on the amount of the unpaid charges for those services.
The patient next argues that, because the hospital had filed its notice of lien, it was as “protected” as it had a right to be. The patient confuses security for a debt •with the debt itself. That it may have a source of being satisfied from the proceeds of the patient’s suit (if successful) does not mean that it is disentitled from acquiring its own judgment. Moreover, the patient’s argument that the hospital lien was untimely filed— about which the patient cannot complain, Public Health Trust of Dade County v. Carroll, 509 So.2d 1232 (Fla. 4th DCA 1987)— only points up the hospital’s interest in having its own judgment on the underlying debt.
In its judgment, however, the trial court added the following:
“6. [The hospital] received $73,797.02 from the State of Florida, Department of Labor and Employment Security, Division of Vocational Rehabilitation * * *. As a state funded program payments received from DVR are secondary to any third party recovery and [the hospital] must repay DVR in full for any collections.”
We agree with the patient that this was error.
The hospital had a claim for its own charges, but not for those of other providers. Section 413.445, Florida Statutes (1993), gives DVR the right to be. subrogated to the patient’s right to recover the charges incurred in receiving its services. The statute also gives DVR the tools to effect a recovery, *1276 if necessary. It does not grant another provider like the hospital the right to sue for sums due DVR but not due the other provider. In reducing its own claim to judgment, the hospital is not a collection agency for other unpaid providers, even if they are public institutions. On remand, the court shall modify its judgment by deleting the above quoted provision and make any necessary adjustment of the final amount due on the judgment.
AFFIRMED IN PART, REVERSED IN PART.
GUNTHER, C.J., and WILLIAM C. OWEN, Jr., Senior Judge, concur.