675 So.2d 1382 (1996)
HUMANA HEALTH PLANS, Appellant,
v.
Heather LAWTON, etc., et al., Appellees.
No. 95-176.
District Court of Appeal of Florida, Fifth District.
May 31, 1996.
Rehearing Denied July 10, 1996.
*1383 Tristan W. Sanders, Orlando, for Appellant.
Ava F. Tunstall and Joseph R. Flood, Jr., of Dean, Ringers, Morgan and Lawton, P.A., Orlando, for Appellees.
PETERSON, Chief Judge.
Humana Health Plans appeals the denial of its motion to intervene in a products liability suit brought by Heather Lawton for the benefit of her son, Brandan Wormsbacher. We reverse.
Four-year-old Brandan was injured by the blades of a riding mower operated by his mother's boyfriend. Lawton sued the manufacturer and the distributor of the mower, and a garden center which had allegedly serviced the mower the day before the accident. Eventually, the case was settled by mediation, and the cause was dismissed after the court approved the settlement agreement. According to Lawton, the $182,000 settlement represents only a small fraction of Brandan's damages, which were valued at $1,000,000 by Brandan's attorney, but Lawton settled because the issue of liability was questionable. Of the $182,000, $60,000 was allocated to attorney's fees and $47,000 to costs. The net to Brandan was $75,000, $50,000 of which was "set aside" in a structured settlement.
After the parties entered the settlement agreement, but before the hearing on the petition to approve the settlement agreement, Humana moved to intervene, claiming that, because it had paid for medical care for Brandan, it had a statutory right to $91,000 from Brandan's recovery. The court denied the motion to intervene, and Humana appealed.
Humana claims that it has an interest in the recovery by virtue of section 641.31(8), Florida Statutes (1989)[1], which provided:
A health maintenance organization providing medical benefits or payments to a subscriber who suffers injury, disease, or illness by virtue of the negligent act or omission of a third party is entitled to reimbursement from the subscriber, on a fee-for-service basis, for the reasonable value of the benefits or payments provided. However, the health maintenance organization is not entitled to reimbursement for medical expenses rendered in excess of the subscriber's money recovery from the third party.
Humana claims that this subsection[2] entitles it to recovery of the entire $91,000 it allegedly paid for the benefit of Brandan, even though Brandan's share of the $182,000 recovery was only $75,000, even though the settlement agreement provided that his recovery was for non-economic damages, and even though, under common law, an insurer cannot collect against an insured who does not make a full recovery.
Humana relies on Riera v. Finlay Medical Centers HMO Corporation, 543 So.2d 372 (Fla. 3d DCA 1989), in which the plaintiff-subscriber sued the HMO claiming that it should have paid certain medical bills. During the pendency of the suit the plaintiff settled with the tortfeasor for $100,000, and *1384 the HMO apparently amended its pleadings claiming entitlement to the settlement amount under section 641.31. The opinion does not give any other details about the settlement. The trial court ruled that the HMO had to pay the medical bills, but that the plaintiff owed the HMO the full amount of her recovery. The plaintiff's argument on appeal is not revealed, but the opinion states:
[T]he trial court properly declared that [the HMO] was entitled to a reimbursement on all medical bills paid from the plaintiff's above-stated $100,000 tort recovery, so long as said reimbursement does not exceed such recovery. § 641.31(9), Fla.Stat. (1985).[[3]] We reject the plaintiff's contrary arguments because they proceed on the erroneous assumption that the above statute affords a subrogation remedy to [the HMO]; the said statute affords a reimbursement, not a subrogation remedy to [the HMO], and, accordingly, the conditions precedent necessary to maintain a subrogation remedy need not be shown.
Id. at 373.
It is not necessary to the resolution of this case to make a distinction between the terms "reimbursement" and "subrogation." The only question is what rights in an insured's recovery does the former statute provide an HMO. And, whether one uses the term reimbursement or subrogation, unless there is a statute so providing, an insurer has no right to any money recovered by a subscriber unless the subscriber recovers all of his damages.
The rule in Florida is that, at common law, an insurer does not have a right to subrogation, against its own insured, for medical expenses recovered by the insured from the tortfeasor, unless the insured collected all of his damages. Magsipoc v. Larsen, 639 So.2d 1038, 1042 (Fla. 5th DCA 1994). However, where full recovery has been made by the insured, who is thus "made whole," any payments to the insured over and above his actual damages may be viewed as a "double recovery," thus equitably entitling the insurer to subrogation against the insured's recovery. Id.
Since an insurer had no right at common law to subrogation against an insured who has not been made whole, we must examine the extent to which the 1989 version of section 641.31(8) alters the common law rule. A rule of common law applies unless clearly and expressly abrogated by statute. See id. A statute which is in derogation of common law must be strictly construed, and the presumption is that no change in the common law is intended unless the statute explicitly so states. Board of Trustees of the Internal Improvement Trust Fund v. Sand Key Associates, Ltd., 512 So.2d 934 (Fla.1987). Statutes in derogation of common law will not be interpreted to displace the common law further than is clearly necessary. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362, 364 (Fla.1977). A statute, therefore, designed to change the common law rule must speak in clear, unequivocal terms, for the presumption is that no change in the common law is intended unless the statute is explicit in this regard. Id. Inference and implication cannot be substituted for clear expression. Id.
The subsection under which Humana makes its claim does not mention attorney's fees, it does not mention costs, and it does not mention non-economic damages. The only matter the statute mentions is reimbursement to an HMO of medical expenses, and recovery by the subscriber from a negligent tortfeasor. Applying the rules of construction set forth above, then, the statute must be construed to provide for reimbursement of medical expenses only when the subscriber recovers those expenses, and only up to the amount of those expenses recovered. To construe the subsection otherwise would do violence to the rules of construction by broadly, rather than narrowly, reading the subsection, and by improperly making an inference that it gives an insurer rights against the insured's award of attorney's fees, costs, and non-economic damages *1385 rights an insurer did not have at common law.
In the instant case, Brandan is an insured who did not recover medical expenses. However, the parties were unopposed in structuring the agreement and Humana was deprived of due process by being excluded from participation at the hearing in which the settlement was judicially approved. Perhaps Humana may have had an argument that would have influenced the trial court's decision to approve the settlement as presented by the unopposed parties, perhaps not. In any event it should have had an opportunity to be heard. Humana does have an interest in the litigation in order to present its argument and the denial of its petition to intervene deprived it of this opportunity.
In Southland Insurance Company v. Abelove, 556 So.2d 805 (Fla. 5th DCA 1990), an insurer sought, and was found to have a right, to intervene in order to assert subrogation rights set forth in its insurance contract with the insured. In the instant case, Humana seeks to intervene to assert it's entitlement to reimbursement based on a statute. We find this distinction between a statutory and contract right to be of little consequence in determining Human's right to intervene. In Union Central Life Ins. Co. v. Carlisle, 593 So.2d 505, 507 (Fla.1992), the supreme court agreed with this court in Abelove that an insurance company must be given a meaningful opportunity to assert and protect its interests but also agreed with the fourth district that an insurance company cannot be permitted to interfere with or participate in the trial between claimant and tort feasor. The supreme court then set forth a compromise between the two views:
First, the trial court must determine that the interest asserted is appropriate to support intervention. See Morgareidge [v. Howey, 75 Fla. 234, 78 So. 14 (1918)]. Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention. In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance.
Second, the court must determine the parameters of the intervention. As the drafters of rule 1.230 noted:
Under this rule, the court has full control over intervention, including the extent thereof; although intervention under the rule is classified as of right, there must be an application made to the court, and the court in its discretion, considering the time of application as well as other factors, may deny the intervention or allow it upon conditions.

Carlisle at 507-508.
We vacate the denial of the motion to intervene and the order approving the settlement. Like the intervenor in Carlisle, Humana has demonstrated a right to intervene and to at least be heard before the distribution of the judgment or settlement proceeds. Perhaps Humana's intervention will not change the outcome, but at least Humana will have had the opportunity to be heard in accordance with the requirements of Morgareidge and Abelove.
ORDER VACATED; REMANDED.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] In 1993, subsection 641.31(8) became subsection (9) and was amended to provide that reimbursement should be made in accordance with subsection 768.76(4), Florida Statutes. Under subsection 768.76(4), a provider of collateral sources having a right of subrogation has the right to reimbursement from a claimant who has received all or part of the medical expenses from a tortfeasor, but the reimbursement is limited to the collateral sources recovered by the claimant less a pro-rata deduction for the attorney's fees and costs incurred by the claimant.
[2] Humana relies on the statute rather than its contract with its insured to support its reimbursement claim and right to intervene. Cf Southland Life Insurance. Co. v. Abelove, 556 So.2d 805 (Fla. 5th DCA 1990).
[3] Subsection 641.31(9), Florida Statutes (1985), construed in Riera, is identical to subsection 641.31(8), Florida Statutes (1989).