FARMER, J.
A jury awarded plaintiff over $750,000 in damages in a negligence case. We affirm the trial court’s order letting the verdict against defendants stand. The trial judge also reduced the award, however, by a setoff under section 768.76(1) for sums paid under an insurance policy. We reverse the setoff.
Section 768.76(1) provides:
“In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which *1216 a subrogation or reimbursement right exists.”
§ 768.76(1), Fla. Stat. (1999). Nothing in section 768.76 requires the subrogation or reimbursement right to be contractual rather than equitable. See Measom v. Rainbow Connection Preschool, Inc., 568 So.2d 123 (Fla. 5th DCA 1990). If a common law right to subrogation or reimbursement right exists, the trial court should not reduce the award.
An insurer has no common law right to subrogation for medical expenses the insured recovers unless the insured has been compensated for all of his or her damages. See Humana Health Plans v. Lawton, 675 So.2d 1382 (Fla. 5th DCA 1996). Where full recovery has been made and the insured has been made whole, any payments to the insured exceeding the actual damages may be viewed as a double recovery, thus equitably entitling the insurer to subrogation against the insured’s recovery. 675 So.2d at 1384; see also Magsipoc v. Larsen, 639 So.2d 1038 (Fla. 5th DCA 1994).
Here the record is unclear whether the trial court considered an equitable right to subrogation. The issue remains whether plaintiff was made whole by the jury award, thus entitling the insurer to exercise its right of equitable subrogation. Accordingly, we reverse the setoff and remand for consideration whether the insurer has an equitable right of subrogation.
POLEN and HAZOURI, JJ., concur.