# Third District Court of Appeal
## State of Florida

Opinion filed August 23, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-773
Lower Tribunal No. 22-9836
_____

## Accident911 Help Medical Center Corp., et al.,
Appellants,

vs.

## Direct General Insurance Company,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Christian Carrazana, P.A., and Christian Carrazana, for appellants.

McFarlane Law, and William J. McFarlane, III and Michael K. Mittelmark (Coral Springs), for appellee.

Before EMAS, SCALES and BOKOR, JJ.

EMAS, J.

**INTRODUCTION**

Appellants, Accident911 Help Medical Center Corp., East Coast Medical Rehab Ctr., Inc. and Rivero Diagnostic Center, Inc., medical providers and assignees of benefits under a PIP insurance policy, appeal a final order denying their motion to intervene in a declaratory judgment action between an insurer and its insured.[1]  Because appellants' interest in the litigation is "of such a direct and immediate character that [they] will either gain or lose by the direct legal operation and effect of the judgment," Union Cent. Life Ins. Co. v. Carlisle, 593 So. 2d 505, 507 (Fla. 1992), we reverse the order denying intervention and remand for entry of an order granting the motion to intervene.

**FACTUAL AND PROCEDURAL BACKGROUND**

Direct General Insurance Company issued an automobile policy to Ivet Caro ("Caro").  The policy provides coverage for personal injury protection insurance benefits.  On September 9, 2021, during the coverage period,

---

[1] The order denying intervention is a final order because it constitutes a final determination—and ends all judicial labor—as it relates to appellants' participation in the underlying litigation. Quinones v. Se. Inv. Grp. Corp., 138 So. 3d 549 (Fla. 3d DCA 2014); Superior Fence & Rail of N. Fla. v. Lucas, 35 So. 3d 104, 105 (Fla. 5th DCA 2010) (en banc) ("[A]n order denying a motion to intervene is appealable as a matter of right, by plenary appeal, because the order constitutes a final determination of the proceeding as to the parties seeking to intervene.")

Caro's son, Daniel Jose Alvare ("Alvare") was involved in an automobile accident while driving the insured vehicle. As a result of that accident, Caro made a collision claim with her insurer, Direct General. Additionally, Alvare's medical provider, East Coast Medical Rehab, pursuant to an assignment of benefits, made a claim for personal injury protection benefits on Alvare's behalf.[2]

On September 21, 2021, Caro was a passenger in a vehicle (that was not insured under her policy with Direct General) and was involved in an automobile accident. As a result of that accident, Caro's medical providers, Accident911 Help and Rivero Diagnostic Center made PIP claims pursuant to an assignment of benefits on Caro's behalf.

After receiving the above-described claims, Direct General filed an action for breach of contract and declaratory judgment against Caro and Alvare. Direct General alleged that it had rescinded Caro's insurance policy and sought a declaration that the policy was void ab initio. According to Direct General, Caro made a material misrepresentation when she failed to

---

[2] The driver of the other vehicle, Ana Elba Gonzalez ("Gonzalez"), made a third-party claim for personal injuries under the policy. Geico Indemnity Company, the insurer of the other vehicle, made a subrogation claim against Direct General.

disclose in the policy application that her son, Alvare, was a household member over the age of fifteen. Direct General asserted that if Caro had made a truthful disclosure, it would have resulted in an increase in the policy premium.

In its complaint, Direct General acknowledged that as a result of the September 9 and September 21 accidents, Accident911 Help, Rivero Diagnostic Center, and East Coast Medical Rehab have each asserted claims for medical bills and personal injury protection benefits for alleged medical treatment rendered to Caro and Alvare, presumably pursuant to an assignment of PIP benefits.

Referring collectively to these medical providers as "claimants," Direct General alleged in its complaint:

> DIRECT GENERAL INSURANCE COMPANY, the Defendants **and the claimants** have an actual, present, adverse and antagonistic interest in the subject matter described herein.
>
> The Plaintiff, DIRECT GENERAL INSURANCE COMPANY, is in doubt with respect to its rights under the automobile policy and by this Complaint **seeks a declaration of its rights and obligations under the automobile policy with respect to the claims asserted against DIRECT GENERAL INSURANCE COMPANY**.

(Emphasis added).

Direct General also acknowledged in its complaint that there exists "a bona fide dispute with the Defendants regarding whether Accident911 Help

4

Medical Center, Corp., and Rivero Diagnostic Center, Inc., are entitled to coverages provided by the policy of insurance."

Among the prayers for relief contained in its claim for declaratory judgment, Direct General sought a declaration that:

> Since the policy of insurance issued to the Defendant, IVET CARO. . . is rescinded and is void ab initio, **any assignment of personal injury protection ("PIP") benefits** from IVET CARO to any medical provider, doctor and/or medical entity **is void**;
>
> Since the policy of insurance issued to the Defendant, IVET CARO. . . is rescinded and is void ab initio, **any assignment of personal injury protection ("PIP") benefits** from DANIEL JOSE ALVARE to any medical provider, doctor and/or medical entity **is void**.

(Emphasis added).

Caro failed to timely respond to Direct General's complaint, and a clerk's default was entered. Caro filed a motion to vacate the default, and that motion remains pending in the trial court.

Thereafter, appellants filed a motion to intervene pursuant to Florida Rule of Civil Procedure 1.230, which provides:

> Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.

In their motion, appellants also contended that they were "indispensable parties" to the action. The trial court denied the motion to

5

intervene, focusing on appellants' contention that they were indispensable parties.[3] This appeal followed.

**ANALYSIS AND DISCUSSION**

We conclude that the trial court abused its discretion in denying appellants' motion to intervene, as appellants clearly meet the well-established test for intervention reaffirmed by the Florida Supreme Court in Carlisle:

> The interest which will entitle a person to intervene . . . must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation (internal quotation omitted).

Carlisle, 593 So. 2d at 507 (quoting Morgareidge v. Howey, 75 Fla. 234, 238-39, 78 So. 14, 15 (Fla. 1918)).

In Carlisle, the parents of Danielle Carlisle filed a medical malpractice action on her behalf, seeking damages for injuries arising at the time of their daughter's birth. The Carlisles had a medical insurance policy with Union Central, and Union Central had paid more than $500,000 in health benefits

---

[3] We agree with the trial court that appellants are not indispensable parties to the underlying litigation. See Hertz Corp. v. Piccolo, 453 So. 2d 12, 14 n. 3 (Fla. 2006) ("Indispensable parties are necessary parties so essential to a suit that no final decision can be rendered without their joinder").

by the time the malpractice action was filed. Id. at 506. Under the terms of the policy, Union Central had the right to a refund of those paid benefits in the event the insured recovered from a third-party tortfeasor. Id. Union Central moved to intervene in the malpractice action, but the trial court denied the motion. The Fourth District affirmed the trial court order, but the Florida Supreme Court later reversed, holding the trial court abused its discretion when it refused to permit the insurer to intervene. While acknowledging that the insurance company "cannot be permitted to interfere with or even participate in the trial between the claimant and the tort-feasor," the Court observed that "an insurance company in this situation must be given a meaningful opportunity to assert and protect its interests. The status of intervenor assures the right to be heard and the ability to appeal an adverse ruling." Id. at 507.

The Court articulated a two-part test which requires the trial court to "first make a preliminary determination whether 'the interest asserted is appropriate to support intervention.'" Houston Specialty Ins. Co. v. Vaughn, 261 So. 3d 607, 610 (Fla. 2d DCA 2018) (quoting Carlisle, 593 So. 2d at 507). Next, the trial court must "exercise its sound discretion whether to permit intervention," taking into consideration "'a number of factors, including the derivation of the interest, any pertinent contractual language, the size of

7

the interest, the potential for conflicts or new issues, and any other relevant circumstance.'" Id. (quoting Carlisle, 593 So. 2d at 507-08).

Although we recognize that the decision to grant or deny intervention is generally within the sound discretion of the trial court, in the instant case appellants have demonstrated the requisite interest entitling it to intervene, an interest of a direct and immediate nature such that they stood to gain or lose by the direct effect of the declaratory judgment action.

Although Direct General objected to the motion to intervene, its objection centered almost exclusively on appellants' alternative contention that they were indispensable parties to the action. With regard to the discrete issue of intervention, the allegations in Direct General's complaint undermines any assertion that appellants lacked the requisite interest in the litigation to necessitate intervention. For example, Direct General alleged in its complaint for declaratory judgment that:

● Plaintiff Direct General, Defendants Caro and Alvare, and claimants, Accident911 Help Medical Center Corp., East Coast Medical Rehab Ctr., Inc. and Rivero Diagnostic Center, "have an actual, present, adverse and antagonistic interest in the subject matter described herein."

- Plaintiff Direct General "seeks a declaration of its rights and obligations under the automobile policy with respect to the claims asserted against [it]."

- Plaintiff Direct General seeks a declaration that, because the insurance policy issued to Caro was rescinded and is void ab initio, "any assignment of personal injury protection ("PIP") benefits" from Caro or Alvare to any medical provider, doctor and/or medical entity is void.

It is clear that if the insurance company is successful in obtaining a judgment declaring that the policy is void ab initio, appellants' right to policy benefits pursuant to the assignments from Caro and Alvare will be extinguished. Further, in analyzing the other factors a court must consider when exercising its discretion on a motion to intervene, it appears that appellants may be the only entities who can adequately protect their rights in the underlying litigation between the insured and her insurer.

We find helpful this court's decision in Brickell Bay Condominium Association, Inc. v. Forte, 410 So. 2d 522 (Fla. 3d DCA 1982), where we held the trial court abused its discretion in denying a motion to intervene. In Brickell Bay, a condominium association moved to intervene in litigation brought by the developers against a subcontractor, alleging negligent

construction of the condominium. The developer assigned its rights against the contractor to the association. The trial court denied the association's motion to intervene, but this court reversed, finding it was an abuse of discretion because, inter alia: (1) the association was the real party in interest in the pending litigation; and (2) the association's interest could only be protected by "as full and complete recovery against [the subcontractor] as is possible for it to obtain." Id. at 524. See also Bay Park Towers Condo. Ass'n, Inc. v. H.J. Ross & Assocs., 503 So. 2d 1333 (Fla. 3d DCA 1987); Hartford Fire Ins. Co. v. Sch. Bd. of Dade Cty., 661 So. 2d 111 (Fla. 3d DCA 1995) (holding it was an abuse of discretion to deny intervention motion filed by surety in counterclaim against contractor); Coral Bay Prop. Owners Ass'n v. City of Coral Gables, 305 So. 2d 853 (Fla. 3d DCA 1974) (reversing denial of motion to intervene filed by property owners' association in action for declaratory judgment filed by private school regarding permitting a grade school in the residential area); Provident Life & Acc. Ins. Co. v. Pritchard, 636 So. 2d 731 (Fla. 4th DCA 1993) (reversing with instructions to allow intervention by insurance company that paid medical expenses of injured child in action filed by child against tortfeasors); Southland Life Ins. Co. v. Abelove, 556 So. 2d 805 (Fla. 5th DCA 1990) (same and noting "intervenor's

interests will not be fully protected by the original plaintiff's suit in his own interest").

**CONCLUSION**

Because appellants' interest in the litigation is "of such a direct and immediate character that [it] will either gain or lose by the direct legal operation and effect of the judgment," Carlisle, 593 So. 2d at 507, we reverse the order denying intervention and remand for entry of an order granting the motion to intervene, and for further proceedings consistent with this opinion.[4]

---

[4] Our holding is limited to a determination that appellants' interests are such as to require intervention, and that the trial court abused its discretion in denying the motion to intervene. We have not determined "the parameters of the intervention" pursuant to rule 1.230, see Carlisle, 593 So. 2d at 508, as such a determination should be made in the first instance by the trial court, in consideration of all the relevant attendant circumstances.