# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2193
Lower Tribunal No. 23-CA-164-M
_____

## Susan M. Simmons, as Personal Representative, etc.,
Appellant,

vs.

## Mark A. Simmons,
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Stokes McMillan Antúnez Martinez-Lejarza P.A., and Juan C. Antúnez; Kula & Associates, P.A., and Elliot B. Kula and William D. Mueller, for appellant.

Rosenthal Rosenthal Rasco PLLC, and Eduardo I. Rasco and Marialejandra Portal, for appellee.

Before LOGUE, LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. See Union Cent. Life Ins. Co. v. Carlisle, 593 So. 2d 505, 507–08 (Fla. 1992) ("First, the trial court must determine that the interest asserted is appropriate to support intervention. Once the trial court determines that the requisite interest exists, it must exercise its sound discretion to determine whether to permit intervention. In deciding this question the court should consider a number of factors, including the derivation of the interest, any pertinent contractual language, the size of the interest, the potential for conflicts or new issues, and any other relevant circumstance." (citation omitted)); Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) ("Discretion . . . is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." (quotation omitted)); Morgareidge v. Howey, 78 So. 14, 15 (Fla. 1918) ("It has generally been held that the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in

2

suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation." (quotation omitted)); Schilling v. Herrera, 952 So. 2d 1231, 1236 (Fla. 3d DCA 2007) (explaining that tortious interference with testamentary expectancy is an independent tort and that collateral attacks on the validity of a will due to fraud are properly raised in a probate proceeding when the alleged fraud was discovered before probate).